## W. H. WAINWRIGHT v. STATE.

No. A-2234.    Opinion Filed July 27, 1914.

(141 Pac. 1120.)

BAIL.—Conviction—Form of Bond. Under Bill of Rights, sec. 8, bail is a matter of right before conviction, ''except for capital offenses when the proof of guilt is evident, or the presumption thereof is great.'' The right of bail after conviction pending appeal is purely statutory, and would not exist in the absence of the statute. The statute prescribes the form and conditions of the bond, and a defendant is not entitled to bail pending appeal, except upon a bond conditioned as required by the statute.

(Syllabus by the Court.)

*Appeal from Superior Court; Muskogee County;*
*Farrar L. McCain, Judge.*

W. H. Wainwright was convicted of embezzlement, and brings error. Motion to admit to bail granted on conditions.

*S. M. Rutherford* and *Noffsinger & Broome,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., *W. E. Disney,* Co. Atty., and *B. B. Blakeney,* for the State

ARMSTRONG, P. J. This appeal is from a judgment of conviction rendered in the superior court of Muskogee county on the 14th day of March, 1914, in accordance with the verdict of the jury finding the defendant guilty of the crime of embezzlement of public funds to the amount of $7,500, and assessing his punishment at imprisonment for a term of fourteen years, and a fine of $15,000. On April 14, 1914, the appeal was taken by filing a transcript of the record in this court, together with an application for bail, wherein this court is asked to permit the defendant to give bail conditioned for his appearance only, and specifically exempting him and his sureties from any liability for the payment of the fine in case the judgment should be affirmed.

The transcript shows that when the judgment was rendered bail was fixed by the trial court in the sum of $20,000, and a bond conditioned as provided by statute. Counsel for plaintiff in error have made no question about the excessiveness of the amount of bail as fixed by the trial court, but contend that the defendant is entitled to give bail conditioned for his appearance only.

Bail is a matter of right before conviction in all cases "except for capital offenses when the proof of guilt is evident or the presumption thereof is great." Section 8, Bill of Rights, Okla. Const. The right of bail after conviction is purely statutory, and would not exist in the absence of the statute giving the right. The statute prescribes the form and conditions of a bail bond pending determination of the appeal.

The court is of opinion that bail on appeal must be given in the form prescribed by the statute. The amount of bail fixed by the trial court should be required in the absence of any showing or contention that the amount so required is excessive. Bail having been fixed at $20,000 by the trial court, to be approved by the clerk of said court with good and sufficient sureties, the order of this court will be, and is, the same. It is further ordered that the order heretofore made by this court directing the sheriff of Muskogee county to hold the accused in the county jail of Muskogee county until the further order of this court, is hereby canceled and revoked, and, upon the failure of plaintiff in error to give bail in the manner and form herein required before the 1st day of August, 1914, the sheriff of Muskogee county is directed to forthwith transport the plaintiff in error to the state penitentiary, there to be confined pending the determination of his appeal.

DOYLE, J., concurs. FURMAN, J., absent on account of sickness.