**Application of Jack Henry OWENS, for Writ of Habeas Corpus.**

No. A–12840.

Court of Criminal Appeals of Oklahoma.

Feb. 17, 1960.

Carroll Samara, Oklahoma City, for petitioner.

James W. Berry, County Atty., Oklahoma County, Oklahoma City, for respondent.

POWELL, Presiding Judge.

This is an original action in habeas corpus by Jack Henry Owens, in which he alleges that he is illegally restrained of his liberty in the county jail of Oklahoma County. The verified petition alleges that the petitioner was charged in the justice court of Elmo McCallister, justice of the peace sitting as an examining magistrate, with the crime of robbery with firearms; that he was duly arraigned on said charge, entered a plea of not guilty and was remanded to the county jail without bail. That petitioner presented an application for bail to the district court of Oklahoma County, and such petition was denied.

A rule to show cause was issued and a hearing held in connection with said petition.

The punishment fixed by the statute for a conviction on a charge of robbery with firearms is not less than five years in the State Penitentiary, and a maximum punishment of death. 21 O.S.1951 § 801.

At the time of hearing before this Court, the petitioner went on the stand and testified at length, and was cross-examined by the county attorney of Oklahoma County; and he produced other witnesses in support of his defense of an alibi.

We do not desire to make any comment upon the weight of the evidence, but it is our conclusion after consideration of the evidence produced in open court, that the petitioner has made a sufficient showing to entitle him to be admitted to bail.

It is therefore ordered that said petitioner be admitted to bail in the reasonable sum of Five Thousand ($5,000) Dollars, to be conditioned as provided by law, and upon the execution of such bond, and the approval of the same by the Court Clerk of Oklahoma County, said petitioner be discharged from custody, pending the action of the district court of Oklahoma County.

NIX and BRETT, JJ., concur.