Louis K. PRICE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13527.

Court of Criminal Appeals of Oklahoma.

Nov. 10, 1964.

Valdhe F. Pitman, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Louis K. Price, hereinafter referred to as defendant, was charged by Information in the District Court of Oklahoma County with the crime of Embezzlement. He was tried by a jury, found guilty, and on December 6, 1963 was sentenced to 3 years in Oklahoma State Penitentiary. Defendant filed his timely appeal in this Court on June 2, 1964.

On September 16, 1964, the State of Oklahoma filed a Motion to Dismiss, for the reason that during the pendency of this cause in the Court of Criminal Appeals, defendant has absented himself from the jurisdiction of this Court and has been convicted of a crime in another state.

The Attorney General has furnished us with certified copies of court records from the District Court for the city and county of Denver, State of Colorado, to substantiate this Motion. The judgment and sentence dated June 25, 1964, shows defendant convicted of the crime of Embezzlement, and sentenced to the Colorado State Penitentiary for a period of not less than 18 months or more than 5 years.

Defendant had not made any request to this Court for permission to leave the State.

■ Order permitting defendant to leave jurisdiction can only be entered by Court having jurisdiction of defendant. Neither county attorney, trial court, nor attorney general may grant defendant privilege to leave jurisdiction pending appeal in this Court. (See, Collins v. State, 169 Okl. 486, 37 P.2d 827.)

■ When defendant absents himself from the jurisdiction of this Court, without first obtaining permission and proper order, he thereby violates one of the conditions of his appeal bond.

■ This Court held in the case of Herring v. State, 71 Okl.Cr. 69, 108 P.2d 193:

"Where a defendant has been convicted and appeals from the judgment and sentence, this court will not consider his appeal unless defendant is where he can be made to respond to any judgment or order which may be rendered or entered in the case, and, where he leaves the state and is convicted of crime in another state pending the determination of his appeal, this court will on proper motion dismiss the appeal."

■ Inasmuch as it is apparent from the record before us, the defendant left the State of Oklahoma without leave of this Court, went to the State of Colorado, was convicted of the same crime in Denver, and is now imprisoned in the Colorado State Penitentiary, he has forfeited his right to be heard on appeal.

Based on the authorities cited above, the Motion to Dismiss by the State of Oklahoma is hereby sustained, and the appeal is Dismissed. It is further ordered

that the judgment and sentence of the District Court of Oklahoma County be carried into execution.

JOHNSON, P. J., and BUSSEY, J., concur.