**Ben Michael CREECH, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A-17647.**

Court of Criminal Appeals of Oklahoma.

Aug. 23, 1972.

---

MEMORANDUM OPINION AND
ORDER DENYING BOND
REDUCTION

This is an original proceeding for a Writ of Habeas Corpus wherein petitioner seeks a reduction in bond.

The petition reflects petitioner was arrested and arraigned August 7, 1972 pursuant to an information filed in the District Court of Comanche County charging petitioner and a co-defendant with the offense of Conspiracy to Commit a Felony (Murder). The committing magistrate fixed bond in the amount of Fifty Thousand Dollars ($50,000.00) property or Twenty-five Thousand Dollars ($25,000.00) cash. A petition alleging excessive bail was filed in the District Court below and following a hearing, bail was reduced to Twenty-five Thousand Dollars ($25,000.00) cash or surety, which bond petitioner here maintains is still excessive.

This matter came for hearing before Referee C. Michael Zacharias on August 16, 1972. Petitioner, though not present, was represented by counsel, J. Winston Raburn and Don C. Davis, while the State was represented by Assistant District Attorney John C. Mackey, of Lawton.

It was stipulated that petitioner is 23 years of age, a member of the U. S. Army stationed at Fort Sill, Oklahoma, and that in addition to the instant charge, petitioner is charged on three felony counts of Sale of Narcotics in Comanche County District Court. It was stipulated that the narcotics cases were filed May 8, 1972 and that bond was fixed in the amount of Two Thousand Dollars ($2,000.00) cash or Four Thousand Dollars ($4,000.00) surety in each case and that petitioner posted cash bonds totalling Six Thousand Dollars ($6,000.00).

It was stipulated further that petitioner never failed to make an appearance when required by the court, that he was a single man and has no ties, family, economic or business to the trial jurisdiction other than his military status. Preliminary hearings held August 11, 1972 in the three narcotics cases resulted in orders directing the petitioner to stand trial on each offense and petitioner's subsequent arraignment on each count in District Court where he was permitted to remain free on the same bond. Petitioner has no previous criminal record of which the state is aware nor any record of ever having jumped bail.

It developed during the hearing that the conspiracy to commit murder was directed at one Larry Smith, an undercover narcotics officer, who is the key witness in the State's three narcotics cases as well as some 24 other cases and who testified at the three preliminary hearings. It also appears the effort made to carry out the conspiracy occurred on or about August 1, 1972, during the time period that petitioner was free on Six Thousand Dollars ($6,000.00) bond and ten (10) days prior to the preliminary hearings. At the time of the preliminary hearing, petitioner was still in custody, apparently unable to post the bond which had been lowered to Twenty-five Thousand Dollars ($25,000.00) cash, surety or property on August 9, 1972. Preliminary hearing on the conspiracy charge is scheduled for September 29, 1972 for petitioner and his co-defendant, who apparently has fled the jurisdiction.

The main thrust of petitioner's argument is that the bond, even as reduced, is excessive in contravention of Article II, Section 9 of the Oklahoma Constitution, which states excessive bail may not be required. The claim of excessiveness is based primarily upon the fact that if petitioner were convicted of the crime charged, the maximum punishment by statute is two (2) years imprisonment and/or a $1,000.00 fine, 21 O.S.1971, § 421.

■ The maximum punishment is one factor to be considered on habeas corpus bail proceedings since for the purposes of such an application, this Court must assume the petitioner is guilty of the offense charged. Application of Pulliam, Okl.Cr., 356 P.2d 755 (1960). Further our inquiry into the facts and circumstances of the alleged offenses and the petitioner's role in same is predicated on the necessity of determining the validity of a request to reduce or increase a bond. Patterson v. State, Okl.Cr., 395 P.2d 585 (1964).

There can be no question about petitioner's right to bond since the Oklahoma Constitution makes all offenses, with the qualified exception of capital crimes, bailable. Article II, Section 8.

■ Thus the issue becomes whether under all the facts and circumstances in this case, the bond as presently set is excessive.

We think not.

Obviously, the framers of the Oklahoma Constitution felt bail should be a matter of right, albeit qualified, since they exceeded the Eighth Amendment standard which refers only to excessive bail. The Constitutional standard was broadened by the adoption of the Federal Rules of Criminal Procedure, which under Rule 46 adopt a standard similar to Oklahoma's prior to conviction with the added provision that the Court can set terms and conditions for bail, in its discretion.

Some states have followed Federal example and passed statutes which require imposition of conditions such as law-abiding behavior for bond subject to court revocation for violation of state law. Rendel v. Mummert, 106 Ariz. 233, 474 P.2d 824 (1970).

Federal courts have since held a trial court has the inherent power to revoke a defendant's bond during trial to insure orderly trial processes even though the defendant in a noncapital case has an absolute right to bail prior to conviction. United States v. Gilbert, 138 U.S.App.D.C. 59, 425 F.2d 490 (1969).

*Gilbert*, supra, also held the right to bail is not literally absolute and that where necessary and justified by hearing, the court may deny bond and confine the defendant in order to protect future witnesses prior to trial. The Supreme Court has recognized a similar principal after conviction where it may be necessary to protect witnesses at a second trial. Carbo v. United States, 82 S.Ct. 662, 7 L.Ed.2d 769 (1962).

After considering the foregoing, we must then turn to the instant facts and circumstances in light of the long line of Oklahoma cases which stand for the proposition that the purpose of bail is to guarantee that an accused will be available to answer the court's judgment and at such times as the court shall direct and bond shall not be used as punishment, but the sole guide in fixing the amount shall be to cause the accused to answer the charge against him. Application of Owens, Okl. Cr., 349 P.2d 766 (1960).

In considering whether a bond of Twenty-five Thousand Dollars ($25,000.00) cash, surety, or property will guarantee the petitioner's presence, we cannot say in good conscience the amount is excessive in this case.

Appellant's only ties with the jurisdiction are military. He apparently has no family, business or other ties. He has already been ordered to stand trial on three separate charges of Sale of Narcotics which upon conviction could result in terms rang-

ing from 5 to 20 years plus up to a $20,000.00 fine in each case. 63 O.S.1971, § 2–401.

Those facts, coupled with the fact that the conspiracy was directed against the key state's witness in the narcotics cases while the petitioner was already on bond, raise two questions.

Having failed once, are the petitioner and the now-missing co-defendant less likely to violate the law again by attempting to remove the key witness?

Is the threat of the possibility of three lengthy prison terms plus the nearly negligible term for conspiracy sufficient to justify the present bond?

We think it reasonable to assume that the present amount is more likely than a lesser amount to deter the petitioner from committing any further acts which might result in the filing of additional criminal prosecutions, which in turn would generate even greater pressure to flee the jurisdiction or otherwise attempt to frustrate justice.

We are inclined to adopt the rationale of the Arizona Supreme Court in deciding *Rendel,* supra, wherein the State, proceeding under a statute which provides for the setting of terms for release on bond and provides for revocation of said bond on violation of terms, moved to revoke the bond of a defendant who was free on bond on four felony counts because reasonable grounds existed to justify the belief the defendant committed the felony offense of preventing the attendance of a witness. One of the conditions set for bond was that the defendant "conduct himself as a law abiding citizen." The state's first attempt to have the bond revoked failed, but the defendant was subsequently charged with additional crimes and the bond was revoked, from which revocation the defendant appealed.

Justice Hays, speaking for the court, said:

"While it may be argued by some that the effect of the challenged statutes will be to punish a man for acts not yet proven beyond a reasonable doubt at a criminal trial, we are of the opinion that revocation of bail, in this situation, does not impose a legal punishment or imprisonment, but rather, is a necessary step to insure compliance with the legal processes of this state. Even assuming that in a given case the defendant is in fact innocent of the felony for which probable cause existed to re-arrest him and which served to revoke his bail on the prior charge, we are of the opinion that probable cause is a justifiable and reasonable standard for this purpose. * * * *"

We likewise feel that under the facts and circumstances in this case, it is neither a form of punishment nor imposition of an excessive bond to refuse to lower the present bond in this case. It guarantees not only, in our opinion, the petitioner's appearance when required by the court, but further tends to insure the orderly processes of the court.

We should also like to commend to the consideration of the Oklahoma Legislature the provisions of the Arizona Statutes discussed in *Rendel,* supra. A.R.S. § 13–1577 et seq.

It is therefore ordered that the application and petition for the reduction of bond as excessive herein be, and the same is hereby, denied and the custody of petitioner is continued in the Comanche County Sheriff pending posting of sufficient sureties, trial, or other disposition of the case.