Petition of Writ of Habeas Corpus of Granville Lee HUMPHREY.

No. H–79–403.

Court of Criminal Appeals of Oklahoma.

Sept. 18, 1979.

**104**

## OPINION

BUSSEY, Judge:

Petitioner, Granville Lee Humphrey, was charged by Information with Possession of Controlled Dangerous Substance, Case No. CRF–79–2159, and Carrying a Firearm, After Former Conviction of a Felony, Case No. CRF–79–2273. He posted a bond in the sum of $3,000.00 (Three Thousand Dollars) and $5,000.00 (Five Thousand Dollars) respectively. Preliminary hearing in each case was set for July 10, 1979, and continued at the request of the State to July 18, 1979.

On July 12, 1979, the District Attorney, through James R. McKinney, First Assistant, filed an application to strengthen bail asking the Court to revoke the Petitioner's present bond and deny bond alleging that it had come to the attention of the District Attorney's Office that Humphrey was "a danger to society." On that date, the Honorable Joe Cannon, District Judge of Oklahoma County, issued an ex parte order for the arrest and incarceration of Granville Humphrey until the Petitioner could be brought before the Court for a hearing in the matter.

Alias warrants were issued alleging the commission of the two crimes originally

charged. Deputies of the Oklahoma County Sheriff's Office went to Humphrey's residence to serve the warrants. Petitioner was observed to run from the residence to a back fence and throw something over the fence. One deputy proceeded to retrieve the items and another arrested Petitioner. Petitioner was taken into his residence where he allegedly consented to sign a search waiver. A subsequent search revealed property believed to be stolen, and on Monday, July 16, 1979, a possession of stolen property charge was filed, Case CRF–79–2640. And, as a result of the seizure of the items allegedly thrown by the defendant, three possession of controlled dangerous substance charges were also filed on July 16, 1979, Case CRF–79–2637, 2638 and 2639. At the hearing on the application to strengthen bail on July 16, 1979, Petitioner was arraigned on the four charges and bond denied. Bond was revoked in the two pending charges.

On July 18, 1979, Petition for Writ of Habeas Corpus was filed by Petitioner in this court covering all six cases. This court on July 19, 1979, issued an order to show cause why the Writ of Habeas Corpus should not be awarded, directed to District Judge Joe Cannon and to Oklahoma County Sheriff Gene Wells to be heard July 24, 1979. Petitioner filed a brief in support of his petition for Writ of Habeas Corpus and a supplemental brief. Respondent, State of Oklahoma, through the District Attorney of Oklahoma County, filed a response brief and a supplemental brief.

There can be no question about Petitioner's right to bail since the Oklahoma Constitution [1] makes all offenses, with the qualified exception of capital crimes, bailable. *Creech v. State,* Okl.Cr., 500 P.2d 861 (1972). The constitutions of 35 states (See Appendix I) contain virtually the same right to bail provision.[2]

The constitutions of a minority of states (See Appendix II) contain only a prohibition against excessive bail which comes from the Eighth Amendment [3] to the United States Constitution.[4] Most of these states have followed the federal example and have passed statutes which require imposition of conditions such as law-abiding behavior for bond subject to court revocation for violation of state law.

Respondent in the instant proceeding is, in effect, urging this Court to find by judicial construction that this State's right to bail provision authorizes revocation of bail in the two pending cases and denial of bail for Petitioner in the four new cases, all of which allege the commission of noncapital offenses. Respondent states, ". . . [S]ocietal changes dictate this analysis." Perhaps so. But nevertheless the constitution must be amended by the people, not by this Court. We find the language of section 8 of Article 2 to be unambiguous—its mandate clear. *Creech v. State,* supra.

In *State v. Pett,* 253 Minn. 429, 92 N.W.2d 205, 207 (1958), the Court held: "Where words used in our constitution have a clear and well-defined meaning, there is no room for construction. Neither the courts nor the legislature have a right to substitute for words used in the constitution having a well-defined meaning other words having a different meaning . . . The right to amend the

---

1. Okl.Const. art. 2, § 8:
   "All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

2. This language seems to have first appeared in American statutory or constitutional law in the Ordinance for the Government of the Territories of the United States North of the River Ohio in Article II which reads in part as follows: ". . . All persons shall be bailable, unless for capital offenses, where the proof shall be evident, or the presumption great."

This language has been copied into most of the state constitutions and statutes, except that some constitutions contain only a provision as to "excessive bail." *In re Thomas,* 20 Okl. 167, 1 Okl.Cr. 15, 93 P. 980 (1908).

3. U.S.Const. Amend. VIII:
   "Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

4. This clause was adopted with slight change from the English Bill of Rights (1688).

constitution rests exclusively with the people, and, if, constitutionally, bail is to be withheld in cases other than capital offenses at the discretion of the trial court, that change must be brought about by an amendment of the constitution. As the constitution now reads, all crimes are bailable."

"If the constitutional guarantees are wrong, let the people change them—not judges or legislators." *In re Underwood,* 9 Cal.3d 345, 348, 107 Cal.Rptr. 401, 404, 508 P.2d 721, 724 (1973) citing *In re Keddy,* 105 Cal.App.2d 215, 233 P.2d 159 (1951). Five states with constitutional right to bail provisions did amend their constitutions to provide that bail could be denied in instances other than capital cases or revoked for violation of the conditions of bail. They then enacted implementing legislation compatible with the revision.[5] These states are Arizona, Michigan, Nebraska, Texas and Utah. (Appendix I B). In 1972 in *Creech* we cited *Rendel v. Mummert,* 106 Ariz. 233, 474 P.2d 824 (1970) which dealt with Arizona statutes providing for setting of terms for release on bond and for revocation of bond for violation of its terms. A.R.S. § 13–1577 et seq. Therein we stated:

"We should also like to commend to the consideration of the Oklahoma Legislature the provisions of the Arizona Statutes discussed in *Rendel,* supra."

The constitutional provision guaranteeing the right to bail to an accused in a criminal case is based upon the idea that a person accused of a crime shall be admitted to bail until adjudged guilty by the court of last resort to him. The United States Supreme Court observed in *Stack v. Boyle,* 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951):

"This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. * * * Unless this right to bail before trial is preserved, the presumption of innocence, secured only after

centuries of struggle, would lose its meaning." [Footnote omitted].

■ However the right to bail pending trial is not absolute under all circumstances. A clear statement of the court's inherent power in this matter is contained in *People ex rel. Hemingway v. Elrod,* 60 Ill.2d 74, 322 N.E.2d 837, 840 (1975):

"In our opinion the constitutional right to bail must be qualified by the authority of the courts, as an incident of their power to manage the conduct of proceedings before them, to deny or revoke bail when such action is appropriate to preserve the orderly process of criminal procedure. This action must not be based on mere suspicion but must be supported by sufficient evidence to show that it is required. Thus keeping an accused in custody pending trial to prevent interference with witnesses or jurors or to prevent the fulfillment of threats has been approved. (See *Fernandez v. United States,* 81 S.Ct. 642, 5 L.Ed.2d 683 (Harlan, Circuit Justice, 1961); *Carbo v. United States,* 82 S.Ct. 662, 7 L.Ed.2d 769 (Douglas, Circuit Justice, 1962); see also Annot. (1972), 30 L.Ed.2d 952, 972.) We think that under both the United States and Illinois constitutions the denial of bail to an accused under such circumstances is within the inherent power of the court. Also, if a court is satisfied by the proof that an accused will not appear for trial regardless of the amount or conditions of bail, bail may properly be denied. *State v. Johnson* (1972), 61 N.J. 351, 294 A.2d 245; *Commonwealth v. Truesdale* (1972), 449 Pa. 325, 296 A.2d 829."

■ We find no evidence in the record which would warrant the exercise of the court's inherent power to revoke or deny bail to Petitioner. Nor does the record contain any evidence which would support Respondent's allegation that Petitioner is "a danger to society." Assuming arguendo that there was such evidence, we expressly reject the concept of an implied public safe-

---

5. 22 O.S.1971, § 1101 et seq. pertaining to bail and should be considered together with any constitutional revision.

ty exception to the guarantee of the right to bail. We agree with the Court in *In re Underwood,* supra, 9 Cal.3d at 348, 107 Cal. Rptr. at 404, 508 P.2d at 724, when it said:

"We are compelled to the conclusion that the detention of persons dangerous to themselves or others is not contemplated within our criminal bail system, and if it becomes necessary to detain such persons, authorization therefor must be found elsewhere, either in existing or future provisions of the law."

We now turn to the revocation of Petitioner's bond in CRF–79–2159 and CRF–79–2273. The State filed an application to strengthen bond on the ground it had come to the attention of the State that the defendant was "a danger to society" and the bonds insufficient. The Court issued an order ex parte for his arrest and incarceration until he could be brought before the court for a hearing to revoke the defendant's present bond and to deny bond.

This extraordinary proceeding was devoid of any element of due process. Title 22 O.S.1971, § 1109 enumerates the grounds for obtaining additional security.[6] The ground relied upon by the State is not among them.[7] Further, the defendant is entitled to notice of the hearing and the opportunity to be heard, and the State is required to prove the statutory ground upon which it relies. Only then shall the defendant be required to give additional security or be incarcerated.[8] *Tijerina v. Baker,* 78 N.M. 770, 438 P.2d 514 (1968)

dealt with a similar situation. The Court observed:

"We are concerned with the procedure by which the bonds were revoked and these petitioners confined in the penitentiary. The record is clear that the order of revocation and the issuance of a warrant for their arrest were made ex parte, and without notice to or an opportunity to the petitioners to be heard.

"The Constitution gives to one accused of crime the right of personal liberty pending trial, except under certain circumstances. We have found no decisions in this or any other jurisdiction concerning the procedure for revocation of a bond. As long ago as *Ex parte Lucero,* 23 N.M. 433, 168 P. 713, L.R.A.1918C, 549, this court said that a suspended sentence gives a defendant his right of personal liberty and that due process requires a notice and hearing before such suspension can be revoked. See also *Blea v. Cox,* 75 N.M. 265, 403 P.2d 701; *State v. Peoples,* 69 N.M. 106, 364 P.2d 359. Upon this principle, it would seem that due process would also require notice and an opportunity to be heard before bond can be revoked and a defendant remanded to custody."

We, therefore, find that Petitioner is entitled to bail in the two cases pending at the time of his arrest and in the four cases filed subsequent thereto in the amount set forth in our order entered July 31, 1979, wherein we set bail in accordance with the stipulation and recommendation of Mr. D.

---

6. Title 22 O.S.1971, § 1109:
   "When proof is made to any court, judge or other magistrate having authority to commit on criminal charges, that a person previously admitted to bail on any such charge is about to abscond, or that his bail is insufficient, or has removed from the State, the judge or magistrate shall require such person to give better security, or for default thereof cause him to be committed to prison; and an order for his arrest may be indorsed on the former commitment, or a new warrant therefor may be issued by such judge or magistrate, setting forth the cause thereof."

7. District Judge Joe Cannon stated:
   "I rule that a trial judge, when he finds that someone is a habitual criminal, he is a men-

ace to society, he is a threat to the safety and welfare of other people that live in the community, I think that—I don't think there is anything in derogation to the Constitution of the United States, Constitution of Oklahoma, of the statutes of the State of Oklahoma that prohibits that judge from denying bond even though it's not a capital case. And I so rule." [Transcript of Court's Ruling, July 16 and 20, 1979, pp. 6, 7.]

8. However, the court has inherent power to issue an ex parte order for the arrest of the accused under exigent circumstances, as when the accused is in the process of attempting to flee the jurisdiction of the court.

C. Thomas and Mr. Andrew M. Coats attorneys for Petitioner and Respondent, respectively. But nothing in that order, or in this opinion, should be construed as precluding the magistrate or the District Court, after preliminary examination, from increasing or reducing bail. In fixing the amount of bail the judge in this proceeding, and henceforth the judges in this State should give consideration to the following guidelines:

(1) the seriousness of the crime charged against the defendant, the apparent likelihood of conviction and the extent of the punishment prescribed by the Legislature;

(2) the defendant's criminal record, if any, and previous record on bail if any;

(3) his reputation, and mental condition;

(4) the length of his residence in the community;

(5) his family ties and relationships;

(6) his employment status, record of employment and his financial condition;

(7) the identity of responsible members of the community who would vouch for defendant's reliability;

(8) any other factors indicating defendant's mode of life, or ties to the community or bearing on the risk of failure to appear. *State v. Johnson* [61 N.J. 351], 294 A.2d 245, 252 (N.J.1972), cited with approval in *Ex Parte Dennis*, 334 So.2d 369 (Miss.1976).

Therefore, for the reasons set forth in this opinion, we reaffirm the order of this Court entered on the 31st day of July, 1979, ordering bail be granted to Petitioner and vacating the order of the Honorable Joe Cannon entered on the 12th day of July, 1979.

CORNISH, P. J., and BRETT, J., concur.

APPENDIX I

Okl.Const. art. 2, § 8:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

A. States whose constitutions are presently similar to Okl.Const. art. 2, § 8:

Alabama:
Ala.Const. art. 1, § 16;
*Ex parte Bynum*, 294 Ala. 78, 312 So.2d 52 (1975)

Alaska:
Alaska Const. art. 1, § 11;
*Gilbert v. State*, 540 P.2d 485 (Alaska 1975)
*Martin v. State*, 517 P.2d 1389 (Alaska 1974)

Arkansas:
Ark.Const. art. 2, § 8;
*Renton v. State*, 577 S.W.2d 594 (Ark. 1979)

California:
Cal.Const. art. 1, § 19;
*In re Underwood*, 9 Cal.3d 345, 107 Cal.Rptr. 401, 508 P.2d 721 (1973)

Colorado:
Colo.Const. art. 2, § 19;
*Orona v. District Court in & For City & County of Denver*, 184 Colo. 55, 518 P.2d 839 (1974)

Connecticut:
Conn.Const. art. 1, § 8;
*State v. Olds*, 171 Conn. 395, 370 A.2d 969 (1976)

Delaware:
Del.Const., art. 1, § 12;
*In re Steigler*, 250 A.2d 379 (Del.Supr. 1969)

Florida:
Fla.Const., art. 1, § 14;
*Wells v. Wainwright*, 260 So.2d 196 (Fla.1972)

Idaho:
Idaho Const. art. 1, § 6;
*Application of Haney*, 77 Idaho 166, 289 P.2d 945 (1955)
*Ex parte France*, 38 Idaho 627, 224 P. 433 (1924)

Illinois:
Ill.Const. Art. 1, § 9;
*People ex rel. Hemingway v. Elrod*, 60 Ill.2d 74, 322 N.E.2d 837 (1975). Court has inherent power to revoke or deny bail in order to prevent interference with the judicial process, and to deny bail if satisfied accused will not appear

for trial regardless of the amount or conditions of bail; neither instance is preventive detention.

Indiana:
Ind.Const. art. 1, § 17;
*State v. Hedges*, 177 Ind. 589, 98 N.E. 417 (1912)

Iowa:
Iowa Const. art. 1, § 12;
*State v. Fuhrmann*, 261 N.W.2d 475 (Iowa 1978)

Kansas:
Kan.Const., Bill of Rights § 9;
*Ex parte Ball*, 106 Kan. 536, 188 P. 424 (1920)

Kentucky:
Ky.Const., Bill of Rights § 16;
*Commonwealth v. Stahl*, 237 Ky. 388, 35 S.W.2d 563 (1931)

Louisiana:
La.Const. art. 1, § 18;
*State v. Washington*, 294 So.2d 793 (La. 1974)

Maine:
Me.Const. art. 1, § 10

Minnesota:
Minn.Const. art. 1, § 7;
*State v. Pett*, 253 Minn. 429, 92 N.W.2d 205 (1958)

Mississippi:
Miss.Const. art. 3, § 29;
*Ex parte Dennis*, 334 So.2d 369 (Miss. 1976)

Missouri:
Mo.Const. art. 1, § 20;
*Ex parte Burgess*, 309 Mo. 397, 274 S.W. 423 (1925)

Montana:
Mont.Const. art. 2, § 21;
*State v. Zachmeier*, 153 Mont. 64, 453 P.2d 783 (1969)

Nevada:
Nev.Const. art. 1, § 7;
*Hanley v. State*, 85 Nev. 154, 451 P.2d 852 (1969)

New Jersey:
N.J.Const. art. 1, § 11;
*State v. Johnson*, 61 N.J. 351, 294 A.2d 245 (1972)

New Mexico:
N.M.Const. art. 2, § 13;
*Tijerina v. Baker*, 78 N.M. 770, 438 P.2d 514 (1968)

North Dakota:
N.D.Const. art. 1, § 6;
*State v. Stevens*, 234 N.W.2d 623 (N.D. 1975)

Ohio:
Ohio Const. art. 1, § 9;
*Locke v. Jenkins*, 20 Ohio St.2d 45, 253 N.E.2d 757 (1969)

Oregon:
Ore.Const. art. 1, § 14;
*State ex rel. Connall v. Roth*, 258 Or. 428, 482 P.2d 470 (1971)

Pennsylvania:
Pa.Const. art. 1, § 14;
*Commonwealth v. Segers*, 460 Pa. 149, 331 A.2d 462 (1975).
Trial court may deny bail if it reasonably concludes the accused may not appear for trial no matter how high the bail is set.

Rhode Island:
R.I.Const., Declaration of Rights, art. 1, § 9;
*Bridges v. Superior Court*, 396 A.2d 97 (R.I.1978). Bail in a noncapital case is a matter of right but the court may impose reasonable conditions to assure accused's appearance and may revoke bail for breach of conditions.

South Carolina:
S.C.Const. art. 1, § 15;
*Nichols v. Patterson*, 202 S.C. 352, 25 S.E.2d 155 (1943)

South Dakota:
S.D.Const. Bill of Rights, art. 6 § 8;
*State v. Kauffman*, 20 S.D. 620, 108 N.W. 246 (1906)

Tennessee:
Tenn.Const. Declaration of Rights, art. 1, § 15;
*Swain v. State*, 527 S.W.2d 119 (Tenn. 1975)

Vermont:
Vt.Const. ch. 2, § 40;
*State v. Pray*, 133 Vt. 537, 346 A.2d 227 (1975).
Purpose of bail, as constitutionally mandated, is to assure defendant's attendance in court, and cannot be means

of punishing defendant, nor protecting public.

Washington:

Wash.Const. art. 1, § 20;

*State v. Smith*, 84 Wash.2d 498, 527 P.2d 674 (1974)

Wisconsin:

Wis.Const. art. 1, § 8;

*Whitty v. State*, 34 Wis.2d 278, 149 N.W.2d 557 (1967)

Wyoming:

Wyo.Const. art. 1, § 14;

*State v. Crocker*, 5 Wyo. 385, 40 P. 681 (1895)

B. States whose constitutions were formerly similar to Okla.Const. art. 2, § 8 but have recently been amended to expand the grounds for denying bail:

Arizona:

Ariz.Const. art. 2, § 22. Amended November 3, 1970, to exclude from right to bail provision those persons charged with having committed a felony while already admitted to bail on a separate felony charge.

*Rendel v. Mummert*, 106 Ariz. 233, 474 P.2d 824 (1970)

*State v. Garrett*, 16 Ariz.App. 427, 493 P.2d 1232 (1972)

Michigan:

Mich.Const. art. 1, § 15. Formerly was similar to Oklahoma's art. 2, § 8, but was amended effective May 1, 1979, to expand the exceptions under which bail may be denied.

Nebraska:

Neb.Const. art. 1, § 9;

*Parker v. Roth*, 202 Neb. 850, 278 N.W.2d 106 (1979)

Texas:

Tex.Const. art. 1, §§ 11 and 11a. Formerly similar to Oklahoma's art. 2 § 8, but was recently amended to expand the number of exceptions under which bail may be denied.

*Ex parte Smith*, 548 S.W.2d 410 (Tex. Cr.App.1977)

*Ex parte Miles*, 474 S.W.2d 224 (Tex.Cr. App.1971)

Utah:

Utah Const. art. 1, § 8. Amended 1972 to expand the number of exceptions under which bail may be denied.

*Scott v. Ryan*, 548 P.2d 235 (Utah 1976)

APPENDIX II

U.S.Const. Amend. VIII:

"Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted."

A. States which presently have constitutional provisions similar to U.S.Const. Amend. VIII:

Massachusetts:

Mass.Const. pt. 1, art. 26

*Commesso v. Commonwealth*, 369 Mass. 368, 339 S.E.2d 917 (1975)

Virginia:

Va.Const. art. 1, § 9;

Va.Crim.Proc. § 19.2–120 statutory enactment of preventative detention doctrine.

*Robinson v. Commonwealth*, 190 Va. 134, 56 S.E.2d 367 (1949)

B. States which presently have constitutional provisions similar to U.S.Const. Amend. VIII, but which have enacted statutory provisions similar to Okla. Const. art. 2, § 8:

Georgia:

Ga.Const. art. 1, § 2–109;

*Burke v. State*, 234 Ga. 512, 216 S.E.2d 812 (1975)

Ga.Code Ann. § 27–701.1; After 90 days confinement without bail and without indictment bail must be set by trial judge.

Hawaii:

Haw.Const. art. 1, § 9;

Haw.Rev.Stat. § 804–3:

"All persons charged with criminal offenses shall be bailable by sufficient sureties, unless for offenses punishable by imprisonment for life not subject to parole, when the proof is evident or the presumption great."

*Bates v. Hawkins*, 52 Haw. 463, 478 P.2d 840 (1970) construes statute.

Maryland:

Md.Const. Declaration of Rights, art. 25;

*McLaughlin v. Warden of Baltimore City Jail*, 16 Md.App. 451, 298 A.2d 201 (1973) construes Maryland Rule 777a to entitle one accused of a noncapital offense to bail prior to trial.

New Hampshire:

N.H.Const. pt. 1, art. 33;

*Petition of Streeter*, 112 N.H. 305, 294 A.2d 385 (1972)

Cities N.H.Rev.Stat.Ann. § 597:1, which is similar to Oklahoma's art. 2, § 8; provide that right to bail is absolute in noncapital cases.

New York:

N.Y.Const. art. 1, § 5; but see Code Crim.Proc., § 553, bail is mandatory in all misdemeanor cases and is discretionary in felony cases.

*People v. Krueger*, 25 N.Y.2d 497, 307 N.Y.S.2d 207, 255 N.E.2d 552 (1969)

North Carolina:

N.C.Const. art. 1, § 27;

*State v. McCloud*, 276 N.C. 518, 173 S.E.2d 753 (1970) cites N.C.Gen.Stat. § 15–47 which provides that bail is a matter of right in noncapital cases.

West Virginia:

W.Va.Const. art. 3, § 5;

W.Va.Code § 62–1C–1(a) grants absolute right to bail in noncapital cases.

*State ex rel. Hutzler v. Dostert*, 236 S.E.2d 336 (W.Va.1977)