David Michael KORDELSKI, Petitioner,

v.

The Honorable David M. COOK, District Judge of Oklahoma County, Oklahoma, Respondent.

No. H–80–722.

Court of Criminal Appeals of Oklahoma.

Dec. 19, 1980.

nary hearing was overlaid on § 991b by this Court in *Woods*.

Fred J. Shaeffer, Norman, for petitioner.

Robert H. Macy, Dist. Atty., David Hardwicke, Asst. Dist. Atty., Oklahoma County, for respondent.

## OPINION

CORNISH, Presiding Judge:

On May 16, 1979, the petitioner was convicted of Carrying a Firearm, After Former Conviction of a Felony, in the District Court of Oklahoma County, Case No. CRF–79–53. He was sentenced to one (1) year in prison and posted an appeal bond in the amount of One Thousand Dollars ($1,000.00). Thereafter, on October 24, 1980, the District Attorney for Oklahoma County applied to have the petitioner's bond revoked on the ground that the petitioner is "a danger to society." The respondent judge revoked the appeal bond and the petitioner seeks review of that order by habeas corpus.

### I.

The petitioner first maintains that the District Court did not have jurisdiction to hear the application. He argues that once an appeal is perfected exclusive jurisdiction over the case rests with the Court of Criminal Appeals, and the District Court is without jurisdiction over the case. The cases cited do support this proposition, but they all construe statutes that have been repealed. *Ex parte Tyler*, 2 Okl.Cr. 455, 102 P. 716 (1909), dealt with Laws 1905, § 1, art. II, c. 29, p. 334, which amended Statutes 1903, § 5612; and *Killough v. State*, 6 Okl.Cr. 311, 118 P. 620 (1911), applied Compiled Laws 1909, § 6951. All the later cases cited rely on these two cases, the latest being *Price v. State*, Okl.Cr., 396 P.2d 670 (1964). The Application to Revoke and Deny Bond filed by the District Attorney in the District Court is as follows:

Comes now ROBERT H. MACY, District Attorney of Oklahoma County, State of Oklahoma, and shows to the Court that the above-named Defendant is charged with the crime of BURGLARY OF AN AUTO AFCF and POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE AFCF, and is presently at liberty on a bond in the amount of $7,500 (total); that Defendant has been convicted by a jury and the jury has assessed punishment at 15 years on OBTAINING CONTROLLED DANGEROUS SUBSTANCES and one (1) year on CARRYING A WEAPON; that said Defendant has been bound over for trial in Cleveland County, Oklahoma on a charge of ROBBERY WITH A DANGEROUS WEAPON, and in Payne County, Oklahoma on a charge of OBTAINING CONTROLLED DANGEROUS SUBSTANCES; that said Defendant is a danger to society and that bond should be denied.

WHEREFORE, Plaintiff prays that the Defendant be immediately taken into custody and brought before this Court to determine if said Bond should be revoked and Defendant be denied bond and that said Defendant be committed to the Sheriff of Oklahoma County, Oklahoma, pending a hearing on this Application.

Dated this 24th Day of October, 1980.

Both of the statutes construed in *Tyler* and *Killough*, supra, were precursors of 22

O.S. 1961, §§ 1057–1062. But in 1969, sections 1057 and 1059–1061 were repealed.[1] The new sections pertaining to appeal bonds are set out in Laws 1969, c. 182, §§ 2–4, now 22 O.S. 1971, §§ 1077–1079. Under these sections it is clear that the jurisdiction for all rulings relating to an appeal bond is vested in the District Court.

> [T]he granting or refusal of bail after judgment of conviction in all other felony cases shall rest in the discretion of the court, however, if bail is refused, the *trial court* shall state the reason therefor. 22 O.S. 1971, § 1077 [Emphasis added].

In reading 22 O.S. 1971, § 1078, two things are apparent. First, the section must be read in conjunction with Section 1077, supra, because both sections were part of a single act of the Legislature. Second, in section 1078 reference is sometimes to "the court" and other times to "the appellate court." The clear inference is that when the Legislature said "the court" they were not making reference to the appellate court. Accordingly, this Court construes Section 1078 as follows:

> When bail is allowed [by the district court], the [district] court shall fix the amount of the appeal bond and the time in which the bond shall be given in order to stay the execution of the judgment pending the filing of the appeal in the appellate court, and until such bond is made [the district court] shall hold the defendant in custody. If the bond be given in the time fixed by the [district] court, the execution of the judgment shall be stayed during the time fixed by law for the filing of the appeal in the appellate court. If the appeal is filed within the time provided by law, then the bond shall stay the execution of the sentence during the pendency of the appeal, subject to the power of the [district] court to require a new or additional bond when the same is by the [district] court deemed necessary. If the bond is not given within the time fixed, or if given

and the appeal not be filed in the appellate court within the time provided by law, the judgment of the [district] court shall immediately be carried into execution. 22 O.S. 1971, § 1078.

■ Viewing the present case in light of this construction, we hold that the District Court was acting within the proper exercise of its jurisdiction in revoking the petitioner's bond. The respondent judge's order read in part:

> From the testimony of the witnesses that appeared here today, there were three, I find that in Case No. CRF–79–331, the District Court of Pottawatomie County, Oklahoma, this same Defendant, sustained a conviction for a felony on October 27, 1979, for attempting to obtain a controlled dangerous substance. Pursuant to the verdict of the Jury, he was sentenced to fifteen years.
>
> I further find that in CRF–80–419, which is pending in the District Court of Cleveland County, Oklahoma, this Defendant is charged with robbery with firearms.
>
> And, I further find that in CRF–80–204, pending in the District Court of Payne County, Oklahoma, this Defendant has been bound over for trial after Preliminary Hearing for attempting to obtain drugs by fraud and deceit.
>
> I further find in CRF–80–4142, which is pending in the District Court of Oklahoma County, Oklahoma, wherein this Defendant is charged with burglary in the second degree after a former conviction of a felony. The Preliminary Hearing is set and is now pending before a Judge of this Court, set for November 13th, 1980. In all of these cases, he is out on bond. From all of the totality of this evidence, I infer that he is, as I have stated, a professional criminal. This has been like a catalog of crime. It is disgusting. I deny bail for these reasons. He will be remanded in the custody of the Sheriff. In that connection, he will be delivered to

---

1. Title 22 O.S. 1961, § 1057, was repealed by Laws 1969, c. 182, § 5. Title 22 O.S. 1961, §§ 1059–1061 were repealed by Laws 1969, c. 225, § 1. Laws 1969, c. 182, § 5, supra, also repealed 22 O.S. 1961, § 1103, which gave a convicted defendant a statutory right to bail pending appeal. *Prewett v. Turner*, Okl.Cr., 433 P.2d 523 (1967).

the Warden of the State Penitentiary for the purpose of entering upon the execution of this one-year sentence which I sentenced him on.

This argument is therefore without merit.

## II.

■ The petitioner's other argument is that the only proper purpose of bail is to insure a defendant's presence at required court proceedings. This being true, bail could not be properly revoked due to "danger to society". However, this argument is grounded on cases construing the art. II, § 8, right to bail in the Oklahoma Constitution. Due to the clear language of art. II, § 8,[2] it has been held that there is no implied "public safety" exception to the right to bail, and the only factor in setting bail is insuring appearance.[3] See *Petition of Humphrey*, Okl.Cr., 601 P.2d 103 (1979). However, art. II, § 8 only governs the right to bail prior to conviction, *Ex Parte Williams*, 63 Okl.Cr. 395, 75 P.2d 904 (1938), *Wainwright v. State*, 11 Okl.Cr. 46, 141 P. 1120 (1914), and bail on appeal is governed purely by statute. Therefore, both *Petition of Humphrey*, supra, and *Ex Parte Houghton*, 1 Okl.Cr. 302, 97 P. 1021 (1908), cited by the petitioner, are distinguishable in that they involve the right to bail pending trial. The contrary expression in *Application of Love*, Okl.Cr., 349 P.2d 767 (1960), a case involving an alleged excessive appeal bond, was not necessary to the decision in that case, and, being in conflict with the authority cited above, is hereby overruled.

Because the Oklahoma Constitution does not govern the statutory right to bail on appeal, we must look to the provisions of the applicable statutes. The right to bail is set forth in 22 O.S. 1971, § 1077, supra, which treats bail on appeal in three contexts: Bail shall be allowed pending appeal of a misdemeanor conviction, or a felony

where only a fine was imposed; bail shall not be allowed where the sentence was death or life imprisonment; in all other cases, which would include the case at bar, the right is discretionary with the trial court. Thus, it may be seen that the right to bail before trial and the right to bail during the pendency of an appeal in most felony cases are very different: the first being constitutional and subject only to the need for insuring the defendant's appearance; the second being statutory and committed to the discretion of the trial court.

The following cases from other jurisdictions construing discretionary appeal bond provisions lend support to the view that among the factors to be considered by the trial court is the potential danger to the community: *In Re Podesto*, 15 Cal.3d 921, 127 Cal.Rptr. 97, 544 P.2d 1297 (1976); *Vincen v. Lazarus*, 93 Idaho 145, 456 P.2d 789 (1969) and *State v. Kerrigan*, 98 Idaho 701, 571 P.2d 762 (1977); *State ex rel Bretz v. Sheriff of Lewis and Clark County*, 167 Mont. 363, 539 P.2d 1191 (1975) and *State v. Bretz*, 575 P.2d 44 (Mont.1978); and *State v. Smith*, 84 Wash.2d 498, 527 P.2d 674 (1974).

In *In Re Podesto*, supra, 544 P.2d at 1305 and 1306, the California Supreme Court, after holding that a state constitutional right to bail,[4] similar to Okl.Const. art. II, § 8, spoke only to pre-conviction bail and not bail pending appeal, construed a statutory provision making the granting of bail pending appeal in most cases a matter of the trial court's discretion[5] as including a public safety factor:

> The *Brumback* court emphasized that a trial judge 'should recognize that the primary purpose of bail, before or after conviction, is practical assurance that defendant will attend upon the court when his presence is required.' (46 Cal.2d [810]

however, see *Petition of Humphrey*, Okl.Cr., 601 P.2d 103, 106 (1979).

---

2. Art. II, § 8: All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great.

3. An inherent power of the court to preserve orderly criminal process was also recognized,

4. Cal.Const. art. II, § 12; see *Petition of Humphrey*, Okl.Cr., 601 P.2d 103, 108 (1979), App. I.

5. Pen. Code § 1272.

at p. 813, 299 P.2d [217] at p. 219.) As numerous out-of-state authorities indicate, a multiplicity of factors relate to the likelihood that an individual defendant will 'jump bail': (1) the defendant's ties to the community, including his employment, the duration of his residence, his family attachments and his property holdings; (2) the defendant's record of appearance at past court hearings or of flight to avoid prosecution; and (3) the severity of the sentence defendant faces. (citations omitted)

\* \* \* \* \* \*

Past California decisions additionally make clear, however, that the likelihood of flight is not the only factor that a court may properly consider in deciding whether to release a felon pending appeal. In *In Re Scaggs*, supra, 47 Cal.2d 416, 419, 303 P.2d 1009, 1011, we noted that another 'important consideration is whether there is any danger that, if released, [the defendant] would continue to commit crime.'

When the pattern of a particular defendant's history indicates that additional criminal conduct will probably ensue if the defendant is released, however, a court unquestionably retains the authority to deny release on appeal. (See *In re Scaggs*, supra, 47 Cal.2d at p. 419, 303 P.2d 1009; *Carbo v. United States* (1962), 82 S.Ct. 662, 666, 668–669, 7 L.Ed.2d 769; *United States v. Wilson* (2d Cir. 1958) 257 F.2d 796, 796.) [10]

[10] We add one further caveat. In evaluating the dangerous propensities of a particular defendant, a court will of course consider the nature of the crime of which defendant has been convicted, as well as the nature of any prior convictions; the more serious the defendant's record, the greater the justification for denying release on appeal ...

\* \* \* \* \* \*

See also, American Bar Association Standards for Criminal Justice, § 21–2.5(b) (2d ed. 1980), which provides in relevant part as follows:

Standard 21–2.5. Release pending appeal; stay of execution.

\* \* \* \* \* \*

(b) Release should not be granted if the court finds that there is substantial risk that the appellant will not appear to answer the judgment following conclusion of the appellate proceedings, or that the appellant is likely to commit a serious crime, intimidate witnesses, or otherwise interfere with the administration of justice. In deciding whether to release a convicted defendant pending appeal, the trial court should also take into account the nature of the crime and the length of sentence imposed, together with factors relevant to pretrial release.

■ Hence, in order to provide guidance to the trial courts of this state in the exercise of discretion under 22 O.S. 1971, § 1077, we recommend that the district courts consider the following: (1) the likelihood of flight should a defendant be released pending appeal; and (2) the potential for danger to the community should a defendant be released on bail.

■ We, therefore, conclude that there was competent evidence to sustain the revocation of the petitioner's appeal bond. The trial courts and prosecutors of this State are to be cautioned that this type of proceeding will be governed by the due process standards requiring notice and a hearing as mandated by this Court's unanimous opinion in *Petition of Humphrey*, supra.

■ We hold that the trial courts of this State are vested with jurisdiction to revoke or strengthen an appeal bond after proper notice and hearing, where competent evidence is presented to support that order. However, we will maintain our appellate responsibility to review those orders of the District Court upon a proper application for Writ of Habeas Corpus being filed in this Court.

BRETT and BUSSEY, JJ., concur.