**Rita Silk NAUNI, Petitioner,**

v.

**Judge Joe CANNON and Judge Raymond Naifeh, District Judges of Oklahoma County, Seventh Judicial District, Respondents.**

**Nos. 0–81–237 and 0–81–238.**

Court of Criminal Appeals of Oklahoma.

April 28, 1981.

Douglass Parr, Oklahoma City, for petitioner.

Robert Macy, Oklahoma County Dist. Atty., David Hardwicke, Asst. Dist. Atty., Oklahoma City, for respondents.

## OPINION

CORNISH, Judge:

The principal issues involved in these proceedings are:

### I.

Was minimal due process afforded the petitioner in the ex parte order revoking her bond on March 31, 1981, and at the subsequent April 6, 1981, hearing?

### II.

Should the respondent, Judge Joe Cannon, have disqualified himself?

### III.

Did both respondents err in denying the petitioner a transcript at State expense in derogation of this Court's Order of January 20, 1981?

The petitioner was convicted in Oklahoma County District Court Case No. CRF–79–3719 for First Degree Manslaughter and in Case No. CRF–79–3717 for Shooting With Intent to Kill. In the manslaughter conviction the petitioner was sentenced to serve one hundred (100) years' imprisonment, and in the conviction for shooting with intent to kill, the petitioner was sentenced to fifty (50) years' imprisonment. The petitioner's bail was set at one hundred thousand dollars ($100,000.00) by the respondent, Joe Cannon, District Judge of Oklahoma County.

By order of this Court on January 20, 1981,[1] respondent Cannon was directed to enter an order granting the petitioner's request for appeal records and a trial transcript at state expense. Thereafter, on March 27, 1981, the petitioner posted bond and was released from the Oklahoma State Penitentiary. On the same date, the respondent Raymond Naifeh, District Judge of Oklahoma County, entered an order finding a change in financial condition had occurred since this Court's order of January 20, 1981, in that the petitioner was capable of posting a sizeable amount of cash in connection with her release on $100,000.00 bond, and, therefore, the transcript at public expense was denied.

On March 31, 1981, without notice and by an ex parte order, respondent Cannon found that the bond previously made by the petitioner was illegal. He revoked the bond and ordered that the petitioner be arrested and incarcerated. Subsequent to respondent Cannon's order, the district attorney filed an application to revoke and deny bond on April 3, 1981, on the theory that an appeal bond will not lie where the sentence is life imprisonment, pursuant to 22 O.S. 1971, § 1077.[2] The State's application to revoke and deny bond was sustained by order of the respondent on April 6, 1981, following argument by both counsel.

A petition for a writ of mandamus and/or prohibition and a petition for a writ of habeas corpus were filed in this Court on April 15, 1981. Oral argument was held on April 22, 1981.

## I.

■ We find that the respondent erred in revoking the appeal bond by ex parte order

under date of March 31, 1981, and by his order of April 6, 1981, contrary to the due process standards mandated by this Court's opinion in *Kordelski v. Cook*, 621 P.2d 1176 (Okl.Cr.1980). We are of the opinion that the reasons given by the respondent on April 6, 1981, were based upon information known to the judge at the time that he granted the appellant an appeal bond on August 15, 1980. It is therefore ordered that the petitioner is entitled to post an appeal bond in the amount of $100,000.00.

## II.

■ On April 6, 1981, the petitioner filed an application in the District Court to disqualify the respondent Cannon, and the same was denied on that date. The record before us gives rise to an appearance that the respondent's impartiality might reasonably be questioned. See 5 O.S.Supp.1980, Ch. 1, App. 4, Canon 3, of the Code of Judicial Conduct. Therefore, the petitioner's application to disqualify is hereby sustained, and we direct that all further proceedings in Case Nos. CRF–79–3719 and CRF–79–3717 shall be heard by the Presiding Judge of the Seventh Judicial District.

## III.

■ The thrust of the petitioner's third argument is that both respondents allegedly violated the petitioner's statutory and constitutional rights in overruling this Court's Order granting her a transcript from the court fund without notice and hearing under minimal due process standards of the Oklahoma and United States Constitutions.

1. The order of this Court issued on January 20, 1981, provided in pertinent part:

    NOW THEREFORE, This Court is of the opinion the writ of mandamus prayed for should be granted. It is therefore ordered that the Respondent herein, the Honorable Joe Cannon, shall enter an order granting Petitioner's request for appeal records and trial transcript at State expense. WRIT GRANTED.

2. Title 22 O.S.1971, § 1077, provides:

    Bail on appeal shall be allowed on appeal from a judgment of conviction of misdemeanor, or in felony cases where the punishment is a fine only, and when made and approved shall stay the execution of such judgment. Bail on appeal shall not be allowed after conviction when the judgment and sentence is death or imprisonment for life. The granting or refusal of bail after judgment of conviction in all other felony cases shall rest in the discretion of the court, however, if bail is refused, the trial court shall state the reason therefor.

Perusal of the record before us fails to reflect a change in the petitioner's status as an indigent since this Court's order of January 20, 1981. The purported review and reversal of that order by the respondents is hereby vacated. The petitioner is entitled to a complete trial transcript at state expense.

The transcript of the trial was due in this Court on February 17, 1981, and this Court was advised at oral argument that preparation has not yet begun. Accordingly, it is the further order of this Court that the court reporter who reported the trial is directed instanter and forthwith to begin preparation of the trial transcript in Case. Nos. CRF–79–3717 and CRF–79–3719, said transcript to be paid for out of the court fund of Oklahoma County.

This Court's order granting the petitioner's request for a transcript as a charge against the court fund is entered without prejudice to the district attorney instituting such action as may be authorized by law to recover costs of preparation of transcript and appeal records.

The cause is remanded to the Presiding Judge for a determination of the legal sufficiency of the bond posted by the petitioner. In the event that the Presiding Judge determines that the appeal bond is not legally sufficient, we direct that he conduct an evidentiary hearing on the sufficiency of said bond without undue delay and submit to this Court his findings of fact and conclusions of law.

IT IS THEREFORE THE ORDER OF THIS COURT that: (1) the petitioner is entitled to post an appeal bond in the amount of one hundred thousand dollars ($100,000.00); (2) the petitioner's application to disqualify the respondent Cannon is sustained and all further proceedings are to be heard by the Presiding Judge of the Seventh Judicial District; (3) the petitioner is entitled to the trial transcript at state expense.

BRETT, P. J., concurs.

BUSSEY, J., concurs.