**Granville Lee HUMPHREY, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. M–80–119.**

Court of Criminal Appeals of Oklahoma.

Aug. 13, 1981.

D. C. Thomas, James Patterson, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., William S. Flanagan, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Presiding Judge:

Granville Lee Humphrey appeals from a conviction for Possession of a Controlled Dangerous Substance in the District Court of Oklahoma County, Case No. CRF–79–2639. He was sentenced to one year imprisonment.

The appellant's sole assignment of error on appeal is that the trial court improperly overruled his motion to suppress the drugs used as evidence against him at trial because they were the product of an illegal arrest and search. This Court has previously determined that the arrest itself was illegal. *Petition of Humphrey*, 601 P.2d 103 (Okl.Cr.1979).

The appellant had been charged with two crimes and was released on bail when the district judge issued an ex parte order for his arrest and incarceration until he could be brought before the court for a hearing. Alias warrants were issued alleging the commission of the two crimes originally charged. Deputies of the Oklahoma County Sheriff's Office went to Humphrey's residence to serve the warrants. Humphrey ran out his back door and threw two brown bags over a fence. The brown bags were seized and found to contain seventy capsules of the drug, phenmetrazine, which were used as evidence against the appellant at trial.

The State argues that in spite of this Court's previous decision, *Petition of Humphrey*, supra, which found the appellant's arrest was unlawful and the entire " . . . proceeding . . . devoid of any element of due process . . . ," the contents of the brown bags were admissible into evidence because the officers were legitimately on the premises of the appellant at the time of the illegal arrest and the bags had been abandoned when the officers seized them.

We disagree with both contentions of the State and hold that the pills contained in the bags were not admissible into evidence for the reason that they were seized as the result of an illegal arrest.

■ To support its argument that the officers were legitimately on the premises at the time the drugs were discovered, the State cites *Michigan v. DeFillippo*, 443 U.S. 31, 99 S.Ct. 2627, 61 L.Ed.2d 343 (1979), which held that an arrest made in good faith reliance on an ordinance which at the time had not been declared unconstitutional is valid regardless of a subsequent judicial determination of its unconstitutionality. The Court's decision was based on the fact that the Michigan statute the officer had relied on to effect the arrest was presumptively valid at the time of the arrest. The respondent, DeFillippo, never contended that his arrest was not authorized by Michigan law. *DeFillippo*, 99 S.Ct. at 2631. The present case is easily distinguished from *DeFillippo* because here the arrest of Humphrey was never at any time authorized by Oklahoma law. The only reason the officers were on the appellant's premises was to arrest him. Therefore, they were not legitimately on the appellant's property and the first part of the State's argument is without merit.

■ As to the second part of the State's argument, that the appellant had abandoned the bags, we find the abandonment theory inapplicable to the facts of this case. The appellant's act of throwing the bags over the fence was directly caused by the officers' unlawful presence. Under such circumstances, it is unreasonable to infer that Humphrey's response was sufficiently an act of free will to "purge the primary taint of the unlawful invasion," *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963). We therefore find that the contents of the brown bags were wrongfully admitted into evidence against the appellant. For the above stated reasons the case is reversed with instructions to dismiss.

CORNISH, J., concurs.

BUSSEY, J., concurs in results.