Edward L. RUSSELL, Petitioner,

v.

Ray H. PAGE, Warden, Oklahoma State Penitentiary, District Court of Texas County, and the State of Oklahoma, Respondents.

No. A–13826.

Court of Criminal Appeals of Oklahoma.

March 30, 1966.

Edward L. Russell, pro se.

Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Judge.

This is an original proceedings filed by the petitioner, Edward L. Russell, alleging he was denied his constitutional right to appeal. He alleges he was not represented by counsel and didn't know how to appeal; and that he was denied bail.

Petitioner was charged in the District Court of Texas County with the crime of Bogus Check. The state has filed a transcript of these proceedings with their response. From this record it appears that on October 28, 1964, petitioner was charged; he appeared in Justice Court on November 5, 1964, was informed of his rights to a lawyer, defendant declined a lawyer, waived preliminary hearing and was bound over to District Court. On December 28, 1964, defendant was informed of his right to counsel and time to plead. Defendant stated he did not wish to be represented nor did he wish additional time, and entered a plea of guilty. On January 11, 1965, defendant was brought into court, asked permission to withdraw his plea of guilty and to have counsel appointed to represent him. This request was granted by the trial judge, and Mr. Vincent Dale was appointed to represent him. Then, on April 15, 1965, he again asked to be brought into court to have his counsel discharged; he further asked permission of the court to represent himself, and to go to the law library to do some research. This, too, was granted by the trial judge. Then on April 20, 1965, the state announced ready for trial, and petitioner asked if he was ready:

"MR. RUSSELL: Your Honor, I would like to withdraw my plea of not guilty and enter a plea of guilty.

THE COURT: You will be accorded that privilege. Since you are not represented, do you know the penalty?

MR. RUSSELL: Yes, sir, I had law books in my cell."

And, further,

"THE COURT: You will be seated. Defendant enters a plea of guilty. Are you ready to be sentenced at this time?

MR. RUSSELL: Yes, Your Honor.

THE COURT: Do you request to be sentenced at this time?

MR. RUSSELL: After County Attorney's recommendation, I would like to be sentenced.

THE COURT: Not only his recommendation. It is custom ordinarily 3 days be allowed before the sentence is passed on you.

MR. RUSSELL: I would like to receive sentence now.

THE COURT: Defendant requests he be sentenced at this time.

MR. WOOD: In view of the plea of guilty and charge against Mr. Russell we would recommend two years sentence at McAlester.

THE COURT: Do you have his rap sheet?

MR. WOOD: Yes, sir. Also have a letter from Mr. Russell to one institution where it shows he has done a term of 2 years.

THE COURT: How many times had he done time?

MR. WOOD: He is on parole out of Texas now. If this one is not on there, he never has been in the pen.

THE COURT: How many times have you been confined in an institution?

MR. RUSSELL: I have been confined once in military and sentenced to military court marshal 5 years for assault. The board cut the sentence to 4 years and after I was confined, Washington disapproved it. Other than that I have never been in the pen. I am on 5 years probation.

THE COURT: What is that for?

MR. RUSSELL: I drove a girl around. She cashed checks from store to store. They was going to try me for conspiracy and her for forgery.

THE COURT: Where was that?

MR. RUSSELL: Yoakum county, Texas.

THE COURT: Do you have anything you want to say, Mr. Russell?

MR. RUSSELL: I hope you would consider the minimum one year.

THE COURT: You have a record. If you had never been to the penitentiary our attitude would necessarily be different. These records are what aggrivate the situation.

MR. RUSSELL: I have nothing more to say.

THE COURT: Edward Russell, it is judgment and sentence you be committed to the State Penitentiary at McAlester, Oklahoma, there to serve a term of 3 years from the date of your reception. * * *."

This record reflects that petitioner knowingly rejected his appointed counsel and chose to represent himself, that his plea of guilty was entered knowingly and voluntarily, and that he was not denied any of his constitutional or statutory rights in the proceedings.

No notice of intent to appeal was given, no request for casemade, no request for counsel to represent petitioner on appeal—no actual pursuit of perfecting an appeal by the petitioner within the time allowed by law.

Further, on the matter of not being allowed bail; the petitioner was incarcerated on a plea of guilty, and therefore not entitled to bail. He was allowed bail by the Justice Court at the time he entered his plea of not guilty—whether he took advantage of that is not shown by the record.

This Court has held repeatedly that when a defendant does not serve notice of his intent to appeal, does not request a casemade, or make any affirmative attempt to perfect his appeal in the trial court before the time for appeal has expired, he cannot be heard to complain that his Constitutional rights have been violated or denied; and application to Court of Criminal Appeals for Post-Conviction Appeal will be denied.

BUSSEY, P. J., and BRETT, J., concur.