Maxine Faye PREWETT, Petitioner,

v.

Bob TURNER, Sheriff, Oklahoma County, State of Oklahoma, Respondent.

No. A–14497.

Court of Criminal Appeals of Oklahoma.

Nov. 8, 1967.

Miller & Miller, Ponca City, for petitioner.

Curtis P. Harris, Dist. Atty., James McKinney, Asst. Dist. Atty., for respondent.

BUSSEY, Judge.

Maxine Faye Prewett was charged in the District Court of Oklahoma County with the offense of Possession of Marihuana. She entered a plea of guilty to said charge; judgment and sentence date was delayed until October 31, 1967, at

which time she appeared with new counsel, sought to withdraw her plea of guilty and enter a plea of not guilty, which application was overruled by the court. Judgment and sentence was rendered against her fixing her punishment in the State Penitentiary at two years. Thereafter, she gave notice of intent to appeal to this Court and made oral application for bail. The same was denied.

On November 3, 1967, an application in the nature of habeas corpus was filed in this Court seeking bail. An order to show cause was duly issued and this cause came on for hearing. At the hearing, Respondent was represented by Assistant District Attorney James McKinney, who advised this Court that bail was denied in reliance on Russell v. Page, Okl.Cr., 412 P.2d 967, rendered by this Court, wherein we stated in the body of the opinion:

"* * * on the matter of not being allowed bail; the petitioner was incarcerated on a plea of guilty, and therefore not entitled to bail."

In order to allay any confusion that might arise from applying Russell, supra, we deem it necessary to clarify our position. The petitioner, Russell, had knowingly and intelligently withdrawn his plea of not guilty and entered a plea of guilty with full knowledge of the nature and consequences of such plea. He made no effort to perfect an appeal from the judgment and sentence rendered against him in the manner provided by law, and the judgment and sentence had become final. He thereafter sought an order of this Court allowing post conviction review and requesting that bail be set. From our examination of the record we determined that Russell was not entitled to a post conviction appeal and therefore not entitled to bail.

■ Title 22, O.S. § 1103 provides:

"After conviction of a crime or public offense, not punishable by the death or incarceration for life in the State prison, a defendant who sues out a writ of error for revision of the judgment or takes an appeal from the judgment rendered against him, shall, on furnishing bond, be admitted to bail as provided by Sections 5994 and 5995. The court when passing sentence shall fix a reasonable time within which bail may be given, and the appeal or writ of error taken, and shall, during that time hold the defendant in custody. If bail be not given in the time fixed, the judgment of the court shall be carried into execution. If the bail fixed be excessive, the defendant shall by habeas corpus proceedings have the right to have the same fixed by the Criminal Court of Appeals, or if the court be not in session, then by some judge of the Criminal Court of Appeals."

We believe that the language of the statute is clear and that where, as in the instant case, timely notice of intention to appeal to this Court is given in the manner prescribed by law, a convicted defendant has a statutory right to bail pending said appeal, unless he be sentenced to life imprisonment or death.

■ We are of the further opinion that petitioner is entitled to a reasonable bail and it is therefore the order of this Court that bail be allowed in the sum of Two Thousand ($2,000.00) Dollars, and that petitioner be released from further confinement pending a determination of this appeal upon posting said bail in Oklahoma County District Court Case No. 32827, and approval thereof by one of the District Judges or the Clerk of said court. It is so ordered.

The Clerk of this Court is directed to forthwith transmit a copy of this opinion and order to the Court Clerk of Oklahoma County, Oklahoma.

BRETT, J., and NIX, P. J., concur.