Patricia Mae ZARITZ, Petitioner,

v.

The STATE of Oklahoma, and The Honorable James B. Blevins, Respondents.

No. H-89-1309.

Court of Criminal Appeals of Oklahoma.

Jan. 12, 1990.

## ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS OR IN THE ALTERNATIVE, WRIT OF MANDAMUS

On December 19, 1989, Petitioner filed a Petition for Writ of Habeas Corpus or In the Alternative Writ of Mandamus requesting this Court to set an appeal bond for Petitioner in Oklahoma County Case No. CF-89-2989 or to issue a Writ of Mandamus directing the District Court of Oklahoma County to set a reasonable appeal bond. On December 20, 1989, we declined to assume jurisdiction prior to granting Respondents an opportunity to respond. A response was filed on December 29, 1989, and an Application to File Reply Brief with brief attached was filed by Petitioner on January 3, 1990.

Petitioner was convicted of three separate offenses in Case No. CF-89-2989 on December 15, 1989, in the District Court of Oklahoma County (Count 1: Possession of Marijuana, 63 O.S.1981, § 2-402; Count 3: Possession of a Firearm During Commission of a Felony, 21 O.S.1981, § 1287; and Count 4: Maintaining a Vehicle Where Controlled Dangerous Substances Are Kept, 63 O.S.1981, § 2-404). Sentencing was set for February 1, 1990, and Petitioner was denied bail pending sentencing. The trial court relied partially on the provisions of 22 O.S.Supp.1988, § 1077(10), "[t]rafficking in illegal drugs", as the basis for the denial of bond. We assume jurisdiction to address three questions raised by these proceedings: First, the crime to which 22 O.S. Supp.1988, § 1077(10) applies; Second, the event which causes the provisions of Section 1077 to be applied; and Third, the criteria which guide the trial judge in applying Section 1077.

The denial of bail upon conviction of "trafficking in illegal drugs" was legislated by Senate Bill No. 169, Laws 1987, c. 136, § 7, effective November 1, 1987. In addition to amending 22 O.S.1981, § 1077, this legislation also created the Trafficking in Illegal Drugs Act, codified in 63 O.S.Supp. 1987, § 2-414 et seq. Therefore, we find that the application of 22 O.S.Supp.1988, § 1077(10) is restricted to those convictions

arising under the provisions of the Trafficking in Illegal Drugs Act, 63 O.S.Supp. 1987, § 2–414 et seq.

■ The Respondents note in their brief that this Court has previously addressed the question of when the provisions of Section 1077 are to be applied. However, the order cited is an unpublished order of the Court and is not precedent upon which a party may rely. Rule 3.5(C), Rules of the Oklahoma Court of Criminal Appeals, 22 O.S.Supp.1989, Ch. 18, App. Upon consideration of the authority cited by the parties we find that the provisions of Section 1077 apply upon the rendering of the verdict. 22 O.S.1981, § 924. Therefore, Section 924 must be read in conjunction with Section 1077 to determine what is mandatory and what is discretionary upon the trial court. Section 924 requires a defendant already in custody be remanded to "the proper officer of the county to await the judgment of the court upon the verdict". This statute further grants the trial court discretion in committing a person who has been previously released on bail into custody pending sentencing. The trial court's discretion must then be guided by the provisions of Section 1077.

■ An analysis of Section 1077 requires a segregation of cases into three categories: 1. All misdemeanors and any felony where the punishment is by fine only; 2. Enumerated felonies not eligible for bail on appeal; and 3. All other felonies. In the first category bail on appeal is mandatory and the trial court is without authority to deny the same. In the second category a strict prohibition of bail upon conviction is set forth for eleven enumerated circumstances. The trial court is without authority to grant bail on appeal if the conviction is for one of the listed offenses. Finally, in the third category, the statute provides "[t]he granting or refusal of bail after judgment of conviction in all other felony cases shall rest in the discretion of the court, **however, if bail is allowed, the trial court shall state the reason therefor**". (emphasis added) This language provides that bail on appeal after conviction will be denied unless the trial court can state reasons which would justify the allowance of bail on appeal. The statutory presumption is against bail on appeal unless the trial court is able to articulate reasons which justify the granting of bail. Failure to articulate reasons justifying the granting of an appeal bond requires the trial court to remand the defendant to the custody of the proper officer pending imposition of judgment, and subsequently, the completion of sentence.

NOW, THEREFORE, after considering the petition, briefs and exhibits, the Court finds that the trial court is vested with authority to set or deny bail on appeal after the verdict is rendered in a criminal case; that if the conviction is for one of the eleven enumerated offenses set forth in 22 O.S.Supp.1988, § 1077 the trial court is without authority to grant an appeal bond; and if the conviction is for any other felony, bail on appeal is required to be denied unless the trial court can articulate reasons why bail should be allowed. In the instant case, Petitioner has been convicted of the felony of Possession of a Firearm During Commission of a Felony in violation of 21 O.S.1981, § 1287. Title 22 O.S.Supp.1988, § 1077(9) prohibits bail on appeal if "the defendant used or was in possession of a firearm or other dangerous or deadly weapon during the commission of the offense". Petitioner has failed to show a right to immediate release or that the trial court has either failed to perform a duty it is required to do or abused its discretion. The Petition for Writ of Habeas Corpus or in the alternative Writ of Mandamus is DENIED.

IT IS SO ORDERED.

(s) James F. Lane
JAMES F. LANE, VICE PRESIDING JUDGE

(s) Tom Brett
TOM BRETT, JUDGE

(s) Gary L. Lumpkin
GARY L. LUMPKIN, JUDGE

(s) Charles A. Johnson
CHARLES A. JOHNSON, JUDGE