Carol CARLSON, Petitioner,

v.

The Honorable Herb MESIGH, Oklahoma City Municipal Judge, Respondent.

No. P 96–1148.

Court of Criminal Appeals of Oklahoma.

Oct. 7, 1996.

Application for Publication Granted Dec. 26, 1996.

### ORDER GRANTING WRIT OF PROHIBITION

Petitioner, through counsel, filed a Petition for Extraordinary Relief, seeking to prohibit Respondent Municipal Judge from enforcing his order of September 17, 1996 and requesting a "temporary" Order of Prohibition pending resolution of the issues on appeal. In the September 17, 1996 Order, Respondent directed Petitioner to pay in full all past due forfeitures owed the Municipal Court by five (5) o'clock p.m. on September 17, 1996 or Petitioner's "privilege to post bonds will not be honored" and Petitioner would be denied the right to do business with the Oklahoma

City Municipal Court until forfeitures are paid. Petitioner asserts that she, her insurers, and her agents have been prohibited from posting bail bonds in the Oklahoma City Municipal Court since the issuance of the Order. Petitioner argues that Respondent should be prohibited from enforcing his order, because Petitioner has no "past due forfeitures" and because Respondent is acting without authority of law in suspending her ability to act as a professional bondsman.

Petitioner previously filed this Application in the Supreme Court of this State, Case No. 87,911. The Supreme Court declined to assume jurisdiction over this matter without stating a reason for the order. See Order, No. 87,911 (Okla. September 13, 1996) (not for publication). Since Respondent requested the Supreme Court reject jurisdiction because of provisions found in 59 O.S.Supp. 1995, § 1332(H) and 11 O.S.1991, 28–127, we assume this is the reason the Supreme Court declined jurisdiction.

11 O.S.1991, § 28–127 provides that when a defendant fails to appear [in a Municipal Court of record], "bond forfeiture shall follow the procedures as set forth in Section 1332 of Title 59 ..." Title 59 O.S.Supp.1995, § 1332(H) states

> For municipal courts of record, the above procedures are criminal in nature and ancillary to the criminal procedures before the trial court and shall be subject to the bondsmen's right of appeal. The bondsmen or insurer may appeal an order and judgment of forfeiture by the municipal courts of record to the Court of Criminal Appeals.

In this case, Petitioner is not appealing from an order of bond forfeiture per se, but rather from the Municipal Court's refusal to recognize that certain bond forfeitures have been exonerated by operation of state law.

Petitioner states Respondent's suspension of her ability to post bonds began with an order of bond forfeiture for defendants Evans' and Dennis' failure to appear in Municipal Court; Petitioner's agents had posted bond for the defendants. Petitioner states Municipal Court records reflect that each defendant appeared before the court within a few days of the bond forfeiture and either entered pleas of guilty or nolo contendere or their cases were dismissed.[1] Because Evans and Dennis appeared within ninety (90) days of the order and judgment of forfeiture, Petitioner argues 59 O.S.Supp.1995, § 1332(C)(2) required the court clerk to enter a court minute vacating the forfeiture and exonerating bond. Petitioner claims the court clerk has refused to enter any such minute upon the directive of the Respondent.

Petitioner argues that Respondent has acted beyond his authority in suspending Petitioner's bond writing ability and that the Municipal Court Clerk's refusal to accept bond from Petitioner is in violation of 22 O.S.1991, § 1101. Petitioner seeks an emergency order of prohibition or stay pending resolution of her appeal, because Respondent's Order has prohibited her, her agents and insurers from practicing their profession. Petitioner seeks a permanent order prohibiting Respondent from enforcing his order for Petitioner to pay forfeitures which have been vacated by operation of law and suspending Petitioner's ability to post bond in Oklahoma City Municipal Court.

Respondent, through attorneys for the City of Oklahoma City, filed an *Answer* and supporting brief on September 25, 1996. Respondent argues that Petitioner has not requested relief in the Municipal Court prior to filing her application for extraordinary relief in this Court. Respondent states the Municipal Court of Oklahoma City, "pursuant to its jurisdictional authority," has "promulgated and published court rules to facilitate the orderly processing of the large volume of cases it hears." One of the Municipal Courts' rules requires an oral motion to vacate a bond forfeiture and exonerate bond be made on the day of the defendant's scheduled appearance. "In all other instances, a writ-

---

1. Petitioner has attached a document, purportedly obtained from the Municipal Court Clerk, which appears to support her claim. The document is not certified, and Petitioner contends that she is unable to obtain a certified copy of the document, because Respondent Judge has ordered the Municipal Court Clerk not to provide Petitioner with certified copies of the document.

ten motion is required."[2] Respondent states Petitioner has failed to file a written motion to vacate the bond forfeitures at issue.

Therefore, Respondent asserts, this Court cannot entertain Petitioner's application for an extraordinary writ, because Petitioner has not sought and been denied relief in the Oklahoma City Municipal Court. Respondent argues that if Petitioner would seek relief in Municipal Court, by filing a motion in compliance with the Municipal Court rule, the matter would be resolved if the motion were granted. If the motion were denied, Petitioner would then have a right of appeal pursuant to 11 O.S.1991, § 28–128 and 59 O.S.Supp.1995, § 1332.

Respondent also argues that the Oklahoma City Municipal Court, and not the court clerk, has the "ultimate authority" to determine whether a defendant has been timely returned to custody as defined in 59 O.S.Supp.1995, § 1332. Respondent claims that to allow the clerk of the Municipal Court to determine when a defendant has been returned to custody would "improperly grant judicial authority to the municipal court clerk."

The real issues in this case are (1) whether Petitioner must comply with a Municipal Court rule, which is more restrictive than the state statute and which requires Petitioner to file a written motion seeking exoneration of bonds for defendants who appear within ninety (90) days of the bond forfeiture, and (2) whether a municipal judge has the power to suspend Petitioner's bond writing "privilege" in the Oklahoma City Municipal Court.

## I.

Respondent asserts that Petitioner has not filed a "motion" in compliance with Oklahoma City Municipal Court Rule 3(4), which, according to Respondent, requires that a written motion for exoneration of a bond forfeiture must be filed when an oral motion for exoneration is not made on the day of defendant's scheduled appearance. Respondent insinuates that if Petitioner would just file the motion, relief would be forthcoming.

Respondent correctly notes that Rule 10.1, *Rules of the Court of Criminal Appeals,* 22 O.S.Supp.1995, Ch. 18, app., states that this Court will only entertain applications for extraordinary writs if petitioner has been denied relief in the district court. Because Petitioner has not filed a motion seeking to exonerate the bond forfeiture in the Municipal Court, Respondent argues the matter is not "ripe" for this Court's review. The flipside of Respondent's argument is this: if Petitioner filed the motion in Municipal Court, the matter would be moot.

 This Court could dismiss this Application on the ground that Petitioner has not sought and been denied relief in the lower court. As Respondent suggests, the matter would be moot if Petitioner filed the written motion. Oklahoma recognizes two exceptions to the mootness doctrine: (1) when the appeal presents a question of broad public interest, and (2) when the challenged event is "capable of repetition yet evading review." *Matter of J.W.B.,* 898 P.2d 184, 186 (Okla. App.1995). Recently, matters relating to the granting of bail and posting of bonds have aroused significant public interest. Additionally, the question presented here is subject to repetition yet capable of evading review. Under the circumstances presented here, we think the better approach is to address the question at hand.

## II.

Petitioner claims that she has no "past-due forfeitures" in Oklahoma City Municipal Court, because the forfeitures have been exonerated by operation of state law. Petitioner argues that the defendants who were subjected to bond forfeiture appeared in the Municipal Court within ninety (90) days of their bond forfeitures. Therefore, Petitioner argues 59 O.S.Supp.1995, § 1332(C)(2) required the Municipal Court clerk to enter a court minute vacating the forfeiture and exonerating bond.

 The Bail Bondsmen Act, 59 O.S.Supp. 1995, § 1301—1336, applies to the "regulation of bail bonds for crimes, the punishment of which may be in excess of Twenty Dollars

---

**2.** Respondent claims Rule 3(4) of the Rules of the Municipal Court of Oklahoma City, published April 10, 1995, sets forth the rule at issue. Re-

spondent quotes the rule within its Answer, but has not provided this Court with a certified copy of the court rule as part of this record.

($20.00) fine or twenty (20) days in jail, or both such fine and imprisonment." Section 1332(C)(2) states:

> When the court record indicates that the defendant is returned to custody in the jurisdiction where the forfeiture occurred, within the ninety (90) day period, the court clerk shall enter a minute vacating the forfeiture and exonerating the bond. If the defendant has been timely returned to custody, but this is not reflected by the court record, the court shall vacate the forfeiture and exonerate the bond.

"Clerk" is defined within the Act as "the district or municipal court clerk." (emphasis added) 59 O.S.Supp.1995, § 1301(B)(2). The plain wording of § 1332(C)(2) is clear: the court clerk shall enter a minute vacating the forfeiture and exonerating bond when the court record reflects the defendant is returned to custody within ninety (90) days.

Respondent argues that nothing in the statute prohibits the Municipal Courts from establishing and enforcing its own rules for "the orderly administration of justice." However, Respondent points to nothing within the Bail Bondsmen Act which reflects a legislative intent to exclude Municipal Courts of record from complying with the provisions of that Act. The definitions within the Act define "clerk" to include Municipal Court clerks. 59 O.S.Supp.1995, § 1301(B)(2). The Act also specifically sets forth the manner to appeal from a bond forfeiture for Municipal Courts of record. 59 O.S.Supp.1995, § 1332(H).

Respondent's hypothetical arguments concerning the court clerk's inability to know when a defendant has been returned to custody in another jurisdiction within this State is a question which is not presented by the facts of this case. The language of § 1332(C)(2) makes it mandatory to vacate the forfeiture when the defendant is returned to custody within ninety days. See e.g. *State v. Brown*, 853 P.2d 793, 795 (Okla.App.1993) (amendments to the Bail Bondsmen Act, which eliminated the trial court's discretion with regard to bond forfeitures, did not amount to encroachment on the inherent power of the judiciary and did not violate the separation of powers doctrine). We are of the opinion that Respondent's Municipal Court rule 3(4) is void to the extent that it is in direct conflict with § 1332(C)(2). *See Poplin v. State*, 837 P.2d 474, 476 (Okl.Cr.1992). In those cases where the Municipal Court's records reflect the defendant has been returned to "custody in the jurisdiction where forfeiture occurred, within the ninety-day period," the court clerk is required to enter a court minute vacating the bond forfeiture and exonerating the bond.

### III.

Petitioner also argues that Respondent is acting without authority of law in suspending her ability to act as a professional bondsman. Respondent's Answer does not directly address the issue. Respondent argues that a municipal judge has the power to enact rules regarding bonds and bondsmen, citing 11 O.S.1991, §§ 28–104 and 28–114 and 22 O.S. 1991, § 1107. Nothing in those provisions, however, grants to a Municipal Judge the power to suspend Petitioner's bond-writing ability in its courts.

The Bail Bondsmen Act sets forth the procedures by which an individual may apply for and obtain a license to serve as a bail bondsman. 59 O.S.Supp.1995, §§ 1305–1309. It also specifically grants to the Insurance Commissioner of this State the power to "deny, censure, suspend, revoke, or refuse to renew any license ..." 59 O.S.Supp.1995, § 1310. Prior to the suspension of any bondsman's license, the bondsman is entitled to notice and a hearing. 59 O.S.Supp.1995, § 1310. Prior to the suspension of any bondsman's license, the bondsman is entitled to notice and a hearing. 59 O.S.Supp.1995, §§ 1310 and 1311. In cases where a bondsman fails to deposit monies with the court clerk on or before the ninety-first day after the date of service of the order of bond forfeiture, the court clerk "shall notify the Insurance Commissioner ..." and the Insurance Commissioner shall "cancel the license privilege" of the bondsman or revoke the license of a professional bondsman, as set forth in 59 O.S.Supp.1995, § 1332(D)(4).

The foregoing sections of the Bail Bondsmen Act reflect a legislative intent that the licensing, suspension, and revocation of licenses of bondsmen in Oklahoma be handled by the Oklahoma Insurance Commissioner. The statutes governing bail bondsmen do not grant to a Municipal judge the power to

suspend the ability of a bail bondsman to write bonds for failure to pay past-due bond forfeitures.

 For a writ of prohibition, Petitioner has the burden of establishing that "(1) a court, officer or person has or is about to exercise judicial or quasi-judicial power (2) the exercise of said power is unauthorized by law; and (3) the exercise of said power will result in injury for which there is no other adequate remedy." Rule 10.6(A), · 22 O.S.Supp.1995, Ch. 18, App., *Rules of the Court of Criminal Appeals.*

We find that Petitioner is entitled to the relief requested. To the extent the Oklahoma City Municipal Court's Rule 3(4) is in direct conflict with the provisions of 59 O.S.Supp.1995, § 1332(C)(2), it is *VOID.* The record before this Court reflects that the bond forfeitures of defendants Dennis and Evans were exonerated by operation of state law; the clerk of the Municipal Court of Oklahoma is hereby directed to comply with the provisions of § 1332(C)(2). Further, Respondent Municipal Judge does not have the authority to suspend Petitioner's ability to write and issue bonds within the City of Oklahoma City; that authority and power rests exclusively with the Insurance Commissioner.

***THEREFORE IT IS THE ORDER OF THIS COURT*** that the Application for Writ of Prohibition is hereby ***GRANTED.***

IT IS SO ORDERED.

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
PRESIDING JUDGE

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
VICE PRESIDING JUDGE

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
JUDGE

/s/ James F. Lane
JAMES F. LANE,
JUDGE

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
JUDGE