1998 OK CR 31

**Jimmy Dean ROBERTS, Petitioner,**

v.

**The Honorable Page MORGAN, EX REL. MUNICIPAL COURT OF the CITY OF OKLAHOMA CITY, and John Whetsel, Sheriff of Oklahoma County, Respondent(s).**

No. H 98–215

Court of Criminal Appeals of Oklahoma.

June 4, 1998.

*ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS*

¶ 1 The Petitioner, Jimmy Dean Roberts, filed a petition for writ of habeas corpus in this Court asking that appeal bond be set on his misdemeanor Judgments and Sentences entered before Respondent, the Honorable Page Morgan, Municipal Judge, in Case Nos. 97–0837257, 97–0837248, 97–083722X, and 97–0837239 in the Municipal Court of Record of the City of Oklahoma City. In those cases, Petitioner pled guilty to the charges and was sentenced. Subsequently, Petitioner filed an application to withdraw his guilty pleas and asked the Municipal Court to set an appeal bond. The Municipal Court denied Petitioner's request finding he was not statutorily entitled to an appeal bond during the period after he filed the application to withdraw guilty pleas, and before he filed the notice of intent to appeal from the denial of his application to withdraw guilty pleas. Petitioner brought this proceeding to challenge the Municipal Court's denial of his request for appeal bond.

¶ 2 Initially, this Court declined to summarily assume jurisdiction and decide this matter, but directed the Respondents, or a designated representative, to respond to the petition for writ of habeas corpus. *Roberts v. Morgan, et al.,* No. H 98–215 (Okl.Cr. February 24, 1998) (not for publication). This Court further directed that Petitioner be granted a temporary appeal bond pending a decision in this matter. *Id.* A response has now been filed on behalf of Respondents by

William O. West, Municipal Counselor, and Diane Lewis, Deputy Municipal Counselor.

¶ 3 On March 4, 1998, while this matter was pending, the Municipal Court held the hearing on, and denied, Petitioner's application to withdraw guilty pleas. Petitioner filed a notice of intent to appeal from the denial of the application to withdraw guilty pleas. Under both parties' interpretation of the statutes and rules, Petitioner was entitled to a permanent appeal bond upon the filing of the notice of intent to appeal from the denial of the application to withdraw guilty pleas. The Municipal Court thus allowed the temporary appeal bond to stay in place.

 ¶ 4 Both parties assert that this matter has not been rendered moot, even though Petitioner is now clearly entitled to a permanent appeal bond. We agree. Oklahoma recognizes two exceptions to the mootness doctrine: (1) when the appeal presents a question of broad public interest, and (2) when the challenged event is "capable of repetition yet evading review." *Carlson v. Mesigh*, 1996 OK CR 61, ¶ 12, 932 P.2d 18, 20 (emphasis in original). Matters relating to the granting of bail and posting of bonds have aroused significant public interest. *See Id.* Moreover, the trial court's decision on an application to withdraw guilty plea could generally be made before this Court could adequately address and decide the issue of whether the defendant/appellant was entitled to appeal bond during the time the application to withdraw guilty plea was pending in the trial court. ·

 ¶ 5 The issue presented is whether a defendant who pleads guilty or nolo contendere to a misdemeanor, and then seeks to withdraw the plea, is entitled to an appeal bond under 22 O.S.1991, § 1077, during the time after an application to withdraw the plea is filed and until the application is ruled upon by the trial court. Petitioner cites *Milligan v. Beekman*, 1991 OK CR 47, 809 P.2d 693, and *Zaritz v. State*, 1990 OK CR 3, 785 P.2d 1043, to claim that the provisions of Section 1077 became applicable, and he was entitled to an appeal bond, upon his pleas of guilty and upon the filing of his motion to withdraw guilty pleas. Respondents argue

Section 1077's requirement for an appeal bond is not invoked, and an "appeal" does not begin, until the trial court rules on the application to withdraw plea, and the notice of intent to appeal to this Court is filed.

¶ 6 Section 1077 of Title 22 of the Oklahoma Statutes, the definitive provision concerning bail on appeal, provides: "[b]ail on appeal shall be allowed on appeal from any judgment of conviction of misdemeanor.…" *See also Zaritz*, at ¶ 5 (bail on appeal is mandatory and the trial court is without authority to deny same on a judgment of conviction of misdemeanor). By its terms, one of the requirements for Section 1077 to become operative is a "judgment of conviction", and, in any criminal case, a judgment of conviction is entered upon a plea of guilty by the defendant. 22 O.S.1991, § 961 et seq.; *Milligan*, at ¶ 3 (the provisions of Section 1077 are applicable upon a plea of guilty). Respondents note that another requirement for Section 1077 to become operative is for the case to be "on appeal." Respondents argue that, even though a judgment of conviction has been entered on a plea of guilty in a misdemeanor case, the case is not yet "on appeal" until the application to withdraw guilty plea has been decided.

¶ 7 Section 1051 of Title 22 is also a definitive provision concerning the right of appeal. Section 1051 provides: "[a]n appeal to the Court of Criminal Appeals may be taken by the defendant, as a matter of right from any judgment against him" and "all appeals taken from any conviction on a plea of guilty shall be taken by petition for writ of certiorari to the Court of Criminal Appeals, as provided in paragraph (b) of this section." By its express terms, Section 1051 defines an appeal, a "right" of the defendant, as being taken "from any judgment" or "from any conviction on a plea." Paragraph (b) of Section 1051 provides: "[t]he procedure for the filing of an appeal in the Court of Criminal Appeals shall be as provided in the Rules of the Court of Criminal Appeals … which will have the force of statute … [including] (3) the procedure to be followed for filing a petition for and the issuance of a writ of certiorari." By the express terms of paragraph (b) of Section 1051, the Rules of this

Court provide "[t]he procedure for ... an appeal." 22 O.S.1991, § 1051(b); *see* Section IV, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (1998).

¶ 8 These definitive statutes establish that appeal procedures become applicable at the time of the judgment of conviction. These statutes also establish that the procedures provided by the Rules of this Court are procedures on appeal, and those appeal procedures include proceedings on a motion to withdraw guilty plea.

¶ 9 Respondents argue that Rule 4.2 of this Court's Rules creates a condition precedent to the commencement of a certiorari appeal, and that Rule 4.5, read in conjunction with Section 1077, does not authorize the Municipal Court to set an appeal bond until the motion to withdraw guilty plea is decided. Such an interpretation of these Rules would be in conflict with the statutory interpretation and legal analysis set forth above. Moreover, Respondents have misinterpreted these Rules.

¶ 10 Rule 4.2 does not create a condition precedent, but creates a preliminary step in the certiorari appeal procedures, which is necessary to make a record of the evidence relied on by the parties to support their arguments on the motion to withdraw guilty plea. Rule 4.2, *Rules, supra.* Rule 4.5 does not preclude the trial court from setting an appeal bond prior to the action denying the motion to withdraw guilty plea, but establishes that the trial court remains responsible for bail on appeal even while the matter is pending before this Court. Rule 4.5, *Rules, supra; see also Kordelski v. Cook,* 1980 OK CR 119, ¶¶ 3, 9 & 12, 621 P.2d 1176, 1178 & 1180 (jurisdiction for all rulings relating to an appeal bond is vested in the trial court).

¶ 11 Finally, we find Respondents have misconstrued the facts and holding in *Prewett v. Turner,* 1967 OK CR 192, 433 P.2d 523. In *Prewett,* the defendant's application for habeas corpus relief for bail was not, as Respondents contend, granted since she had filed her notice of appeal to this Court. Bail was granted because the trial court had denied bail due to the misapplication of a previous decision by this Court that had caused confusion. Whether appeal bond should be granted during the period after entry of the Judgment and Sentence and until the decision on the motion to withdraw guilty plea was not even at issue in *Prewett* because both of those events occurred on the same day, October 31, 1967. *Prewett,* at ¶ 1. Therefore, Respondents' citation to *Prewett* is not applicable to the issue now before us.

¶ 12 Habeas corpus proceedings are proper to review the action of a trial court and its reasons for refusing bail on appeal. 22 O.S.1991, § 1079. After Petitioner's Judgment and Sentence was entered on conviction of misdemeanor, bail on appeal was mandatory and the Municipal Court of Oklahoma City was without authority to deny same. 22 O.S.1991, § 1077; *Zaritz,* at ¶ 5. Therefore, Petitioner's confinement without bail on appeal after that time was unlawful. Rule 10.6, *Rules, supra.* Moreover, we agree with the parties that this matter falls within exceptions to the mootness doctrine. *Carlson,* at ¶ 12. Therefore, the petition for writ of habeas corpus, seeking bail on appeal from and after the time Petitioner filed the application to withdraw his guilty pleas, should be, and is hereby, **GRANTED.**

**IT IS SO ORDERED.**

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Presiding Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Judge

LUMPKIN, J., concurs in results.