2003 OK CR 3

The STATE of Oklahoma, ex rel., C. Wesley LANE II, District Attorney for the Seventh Prosecutorial District, Petitioner,

v.

The Honorable Jerry D. BASS, District Judge, District Court of Oklahoma County, State of Oklahoma, Respondent.

No. PR–2002–1378.

Court of Criminal Appeals of Oklahoma.

Feb. 14, 2003.

---

### ORDER GRANTING RELIEF AND LIFTING STAY OF DISTRICT COURT PROCEEDINGS

¶ 1 Petitioner filed an application requesting this Court to assume jurisdiction and issue an extraordinary writ of prohibition in Oklahoma County District Court Case No. CF–01–6674, prohibiting Respondent from sentencing Defendant Reece according to the provisions of 22 O.S.2001, § 996 et seq.

¶ 2 On August 21, 2002, Defendant Reece entered blind pleas of guilty to Count I, Robbery with a Dangerous Weapon, Count II, Grand Larceny, Count III, Conspiracy to Commit a Felony, i.e., Robbery, Count IV, Kidnapping, and Count V, Larceny of a Motor Vehicle. Defendant Reece was scheduled to be sentenced by Respondent on October 11, 2002.

¶ 3 At sentencing, counsel for Defendant asked the trial court to sentence Defendant Reece under the provisions of the Delayed Sentencing Program for Young Adults ("DSPYA"). Petitioner objected, arguing Reece was not an "offender" as defined under DSPYA, and therefore not eligible to be sentenced under the Act. Specifically, Petitioner argued that having entered a plea of guilty, Reece is now "convicted" of the charged offenses in CF–01–6674, two of which are enumerated in the DSPYA as crimes for which a conviction disqualifies a person as an "offender".

¶ 4 Respondent entertained argument from both counsel, announced an intention to sentence Defendant Reece under the DSPYA, but continued the sentencing to allow Petitioner to file this application for extraordinary relief. On November 19, 2002, this Court stayed the District Court proceedings in this matter and directed a Response from Respondent, or a designated representative.

On December 20, 2002, Respondent filed the Response.

¶ 5 After a review of the record, we find Petitioner has met its burden of establishing Respondent is about to exercise judicial power that is unauthorized by law, a requirement for a writ of prohibition to issue. Rule 10.6(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002). We find that the pleas of guilty entered by Defendant Reece in Case No. CF–01–6674 constitute "convictions" under the Act and therefore disqualify him from being considered an "offender" under the DSPYA.[1] The term "conviction" under the Act is interpreted as meaning "committed" any of the following enumerated offenses that disqualify a person from being sentenced under the Act.

¶ 6 In this case, Defendant Reece has entered pleas of guilty to the aforementioned charges. Those pleas are admissions he committed those offenses and render him convicted of the charged offenses; all that awaits now is sentencing. An offender's eligibility for sentencing under the DSPYA is wholly dependent upon the offense(s) committed by the offender. *See* 22 O.S.2001, § 996.1. Having now admitted he committed the offenses, and been convicted of Robbery with a Dangerous Weapon and Kidnapping, Defendant Reece cannot be considered an "offender" as defined by the DSPYA, and is therefore not eligible to be sentenced under the Act.[2]

¶ 7 Petitioner's request for a writ of prohibition is **GRANTED**. The stay of proceedings previously entered by this Court in Oklahoma County District Court Case No. CF–01–6674 is hereby lifted and this matter is remanded to the District Court for further proceedings consistent with this Order.

¶ 8 **IT IS SO ORDERED.**

¶ 9 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 14th day of February, 2003.

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Presiding Judge
/s/ Steve Lile, Specially Concurs
STEVE LILE, Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge

LILE, Vice Presiding Judge specially concurs.

¶ 1 "The word 'conviction' is of equivocal meaning, and its use and meaning may vary depending on the particular circumstances." 24 C.J.S., § 1458. Conviction may mean that guilt has been established by plea or trial. Conviction may mean judgment and sentence. As used in 22 O.S.2001, § 1077, conviction means establishment of guilt. *Zaritz v. State*, 1990 OK CR 3, 785 P.2d 1043; *Milligan v. Beekman*, 1991 OK CR 47, 809 P.2d 693. As used in 21 O.S.2001, § 51.1, conviction means judgment and sentence.

¶ 2 In the statute interpreted today "convicted" is used with both meanings in one sentence: "... who has not previously been convicted of two or more felonies, and who has not been convicted of assault and battery with a dangerous weapon, ... or arson in the first degree." 22 O.S.2001, § 996.1.

¶ 3 When first used in this section, convicted means previous judgments and sentences. When subsequently used, convictions refers to the crimes before the court and means a determination of guilt, i.e. by plea or trial. The meaning is derived from the history and purpose of the statutory enactment. Therefore, I concur in the Court's order.

1. The same rationale would apply had a jury found Defendant Reece guilty.

2. The DSPYA is the successor to the Nonviolent Intermediate Offender Act. 22 O.S.1981, § 995 et seq. Eligibility for sentencing under that Act was predicated on the commission of nonviolent felony offenses. *See* § 995.1. This interpretation is consistent with the application of the previous Act and our application of the DSPYA in *Lozoya v. State*, 1996 OK CR 55, 932 P.2d 22, 28.