1998 OK CR 49

**Bruce BRILL, Petitioner,**

v.

**The Honorable Noma GURICH, Respondent.**

No. H 98–0936.

Court of Criminal Appeals of Oklahoma.

Sept. 3, 1998.

As Corrected Sept. 23, 1998.

## ORDER REMANDING FOR ADDITIONAL FINDINGS OF FACT

¶1 On August 14, 1998, Petitioner filed a Petition for Writ of Habeas Corpus in this Court after being denied bond pending trial in the District Court of Oklahoma County. In an order filed August 14, 1998, the Honorable Noma D. Gurich, District Judge, denied Petitioners application for a writ of habeas corpus. Judge Gurich denied bond finding that Petitioner is a flight risk and that he poses a threat to the community.

¶2 Twice we have found it necessary to direct a response from the attorneys in this matter to clarify the record.[1] For reasons set out below, we now find it is necessary to remand this matter to the District Court for additional findings of fact and conclusions of law.

¶3 We first want to reiterate that our constitutional provisions guarantee the right to bail to an accused in a criminal case subject to limited exceptions. This guarantee is based upon the legal principle that a person accused of a crime is presumed to be innocent of the charged offenses and shall be admitted to bail until his or her guilt has been determined. See *Petition of Humphrey*, 1979 OK CR 97, 601 P.2d 103, 106. Unless this right to bail before trial is preserved, the presumption of innocence will lose its meaning. See *Stack v. Boyle*, 342 U.S. 1, 4, 72 S.Ct. 1, 3, 96 L.Ed. 3 (1951).

¶4 The right to freedom before conviction permits the unhampered preparation of a defense and serves to prevent the infliction of punishment prior to conviction.

---

1. *See* Orders dated August 19, 1998, and August 25, 1998. In the August 25, 1998, Order we directed that a joint stipulation of the chronology of events in both Case Nos. CF–98–5020 and CF–98–4982 be made by counsel for Petitioner and the District Attorney. The Joint Stipulation was filed in this Court August 27, 1998. It now appears that the premise upon which bail was denied by Judge Gurich, was based upon the assertions of counsel that bail had previously been denied by the Honorable James B. Croy when in actuality bail had been set in Case No. CF–98–5020 on August 12, 1998, in the amount of $150,000. Bail had been set by the Honorable Richard W. Freeman in Case No. CF–98–4982 on August 4, 1998, in the amount of $200,000.00. It is unclear from the Joint Stipulation why counsel for Petitioner or the District Attorney thought bail had been denied.

*Id.* The judges of this State have a duty and responsibility to apply the law and, further, in these matters they must ensure bail is not used as a tool of punishment. Because of the constitutional mandate, bail must be set in a reasonable amount to ensure the presence of an accused at future proceedings, and the denial of bail is allowed under very limited circumstances.

■ ¶ 5 Presently, the judges of this State are required to consider the guidelines set forth in 1979 in *Petition of Humphrey*, when setting the **amount** of bail. These guidelines include:

1. The seriousness of the crime charged against the defendant, the apparent likelihood of conviction and the extent of the punishment prescribed by the Legislature;
2. The defendant's criminal record, if any, and previous record on bail if any;
3. His reputation, and mental condition;
4. The length of his residence in the community;
5. His family ties and relationships;
6. His employment status, record of employment and his financial condition;
7. The identity of responsible members of the community who would vouch for defendant's reliability;
8. Any other factors indicating defendant's mode of life, or ties to the community or bearing on the risk of failure to appear.

(citations omitted). *Id.*, 601 P.2d at 108.

¶ 6 Subsequent to *Humphrey*, the Federal government implemented The Bail Reform Act of 1984 (Act)[2] which "allows a federal court to detain an arrestee pending trial if the Government demonstrates by clear and convincing evidence after an adversary hearing that no release conditions will reasonably assure ... the safety of any other person and the community." *United States v. Salerno*, 481 U.S. 739, 741, 107 S.Ct. 2095, 2098, 95 L.Ed.2d 697 (1987). The U.S. Supreme Court in *Salerno* addressed this Act, in light of an allegation that it violated due process, and concluded that the pretrial detention

contemplated by the Bail Reform Act "fully comports with constitutional requirements." *Id.* The U.S. Supreme Court specifically concluded that the Act "does not constitute punishment before trial in violation of the Due Process Clause." *Id.*, 107 S.Ct. at 2102.

¶ 7 The citizens of Oklahoma subsequently passed an amendment to Article 2, Section 8, of the Oklahoma Constitution, effective July 1, 1989, which now provides:

All persons shall be bailable by sufficient sureties, except that bail may be denied for:
1. capital offenses when the proof of guilt is evident, or the presumption thereof is great;
2. violent offenses;
3. offenses where the maximum sentence may be life imprisonment or life imprisonment without parole;
4. felony offenses where the person charged with the offense has been convicted of two or more felony offenses arising out of different transactions; and
5. controlled dangerous substances offenses where the maximum sentence may be at least ten (10) years imprisonment.

On all offenses specified in paragraphs 2 through 5 of this section, the proof of guilt must be evident, or the presumption must be great, and it must be on the grounds that no condition of release would assure the safety of the community or any person.

¶ 8 We find it necessary, therefore, to revisit *Humphrey* to ensure proper due process requirements are met and that our state constitutional requirements do not and will not conflict with federal constitutional requirements.

I.

¶ 9 Under federal law, Section 3141(a) of the Act requires a judicial officer to determine whether an arrestee on a federal offense shall be detained. Section 3142(e) provides that "[i]f, after a hearing pursuant to the provisions of subsection (f) of this section,

---

**2.** 18 U.S.C. § 3142.

the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." Procedural safeguards are provided the arrestee in Section 3142(f). The arrestee may request the presence of counsel at the detention hearing, may testify and present witnesses, as well as proffer evidence, and may cross-examine other witnesses appearing at the hearing. "If the judicial officer finds that no conditions of pretrial release can reasonably assure the safety of other persons and the community, he must state his findings of fact in writing, § 3142(i), and support his conclusion with clear and convincing evidence, § 3142(f)." *Salerno*, 107 S.Ct. at 2099.

¶ 10 Congress specified considerations relevant to that decision in Section 3142(g):

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. the weight of the evidence against the person;

3. the history and characteristics of the person, including—

   A. the persons character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   B. whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

4. the nature and seriousness of the danger to any person or the community that would be posed by the persons release.

These factors are comparable to the ones this Court set out in *Humphrey*.

## II.

¶ 11 Following the enactment of the Bail Reform Act, the bail provisions of the Oklahoma Constitution were amended in 1988. Prior to the amendment, the Oklahoma Constitution made all offenses, with the qualified exception of capital crimes, bailable. Article 2, Section 8, as amended, directs that in addition to capital offenses, bail may be denied for violent offenses, offenses where the maximum sentence may be life imprisonment or life imprisonment without parole, felony offenses where the person charged with the offense has been convicted of two or more felony offenses arising out of different transactions; and controlled dangerous substances offenses where the maximum sentence may be at least ten (10) years imprisonment. However, as to the non-capital offenses, bail can be denied ONLY when the proof of guilt is evident, or the presumption great, *and* it must be on the grounds that no condition of release would assure the safety of the community or any person.

## III.

¶ 12 A review of the federal constitutional analysis set out in *Salerno* reveals we must ensure the application of our state constitutional provisions relating to bail does not violate federal constitutional rights. In doing so, we must at the same time ensure the independent provisions of our state constitution are enforced.

■ ¶ 13 In addition to the guidelines set out in *Humphrey*, in cases that fall under Article 2, Section 8, of the Oklahoma Constitution, we now find that the following procedural requirements must henceforth be met before any order denying bond is entered:

1. A hearing shall be held immediately upon the persons first appearance before the judicial officer unless that person, or the attorney for the State, seeks a continuance. Except for good cause, a continuance on motion of the person may not exceed five days (not including any intermediate Saturday, Sunday, or legal holiday), and a continuance on motion of the attorney for the State may not exceed

three days (not including any intermediate Saturday, Sunday, or legal holiday).

2. At the hearing, such person shall have the right to be represented by counsel, and, if financially unable to obtain adequate representation, to have counsel appointed.

3. The person shall be afforded an opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.

4. The rules concerning admissibility of evidence in criminal trials shall not apply.

5. The burden of proof as to the provisions of Article 2, Section 8, is that of **clear and convincing evidence.** As to paragraph 1, capital offenses, the court must determine by clear and convincing evidence if "the proof of guilt is evident, or the presumption thereof is great." As to paragraphs 2 through 5, in addition to the courts determination that the proof of guilt is evident, or the presumption thereof is great, the facts the judge uses to support a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence.

6. The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community.

■ ¶14 If bail is denied, the order of the District Court shall include written findings of fact and a statement of the reasons for the detention, supporting the conclusion with clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person, and that proof of guilt is evident or the presumption great.

■ ¶15 Further, if the judicial officer determines that bail is appropriate as to a crime coming within the provisions of paragraphs 2 through 5 of Article 2, Section 8, but that conditions of release are necessary to assure the safety of the community or any person, the judicial officer shall order the pretrial release of the person:

1. subject to the condition that the person not commit a Federal, State, or local crime during the period of release; and

2. subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include that the person:

   a. remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

   b. abide by specified restrictions on personal associations, place of abode, or travel;

   c. avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

   d. report on a regular basis as directed;

   e. comply with a specified curfew;

   f. refrain from possessing a firearm, destructive device, or other dangerous weapon;

   g. refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance without a prescription by a licensed medical practitioner;

h. satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community; and

i. execute a bail bond.

¶ 16 The judicial officer may at any time, after notice and hearing, amend the order to impose additional or different conditions of release. If habeas relief is sought in this Court as to denial of bail, the amount of bail, or the conditions of release on bail, we will review only for an abuse of discretion.

 ¶ 17 Therefore, pursuant to the foregoing, the order of the District Court does not meet the above requirements as it merely denies Petitioner bail finding only that Petitioner "is a flight risk" and "poses a threat to the community" without any substantiating facts. In addition, the order does not make any findings to establish that there are not any conditions of release that would assure the safety of the community. Therefore, the matter is **REMANDED** to the District Court of Oklahoma County and the District Court is directed to make additional findings of fact utilizing the guidelines set out in *Humphrey*, as amended herein. The District Court shall also set forth findings of fact to include the reasons for denying bail and to support its conclusion with clear and convincing evidence that no conditions of release can reasonably assure the safety of the community or any person. Additional findings and conclusions of the District Court shall be filed in this Court on or before fifteen (15) days from the date of this Order.

**IT IS SO ORDERED.**

**WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 3rd day of September, 1998.

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Judge

