Dear Senator Robinson,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Does the presiding judge of a judicial district have theauthority to promulgate a rule or otherwise establish a pre-setbail schedule which sets bail amounts in accordance with thecrime for which the person has been arrested?
 Introduction "Jail Bail"
¶ 1 Your question was prompted by the promulgation, in some judicial districts, of an administrative rule which establishes a bail process to be utilized when normal bail proceedings are not possible. A "Jail Bail Schedule," as it is commonly referred to, is a bail schedule utilized by officers in charge of jails to release an arrestee prior to charges being filed by the district attorney. This schedule is used primarily in circumstances outside of regular business hours, i.e. evenings, weekends, and holidays.
¶ 2 The jail bail schedule establishes a predetermined bail amount based on the crime that an individual is arrested for. Under the rule, once the nature of the offense has been determined, the responsible officer must take bail in the amount provided for that offense in the jail bail schedule. The defendant may then post bail in that amount. You ask whether a presiding district court judge can promulgate such a rule. Prior to answering this question, we must first review the bail process in this State.
 Bail — An Overview
¶ 3 As previously discussed in Attorney General Opinion 99-74, the term "bail" means "procuring the release from custody of one charged with an offense." Id. at 368. It also ensures the defendant's future attendance in court. See Manning v. State exrel. Williams, 120 P.2d 980, 981 (Okla. 1942).
¶ 4 The framers of the Oklahoma Constitution attached such importance to bail in our system of justice that they included provisions for bail in the Constitution:
 A. All persons shall be bailable by sufficient sureties, except that bail may be denied for:
 1. capital offenses when the proof of guilt is evident, or the presumption thereof is great;
2. violent offenses;
 3. offenses where the maximum sentence may be life imprisonment or life imprisonment without parole;
 4. felony offenses where the person charged with the offense has been convicted of two or more felony offenses arising out of different transactions; and
 5. controlled dangerous substances offenses where the maximum sentence may be at least ten (10) years imprisonment.
 On all offenses specified in paragraphs 2 through 5 of this section, the proof of guilt must be evident, or the presumption must be great, and it must be on the grounds that no condition of release would assure the safety of the community or any person.
Okla. Const. art. II, § 8.
 Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishments inflicted.
Okla. Const. art. II, § 9.
¶ 5 Oklahoma courts interpreting those constitutional provisions have explained their importance. See In re Humphrey,601 P.2d 103, 106 (Okla.Crim. 1979) (stating that bail preserves the presumption of innocence and allows a defendant to be free to prepare his or her defense). Oklahoma courts have also firmly established that the matter of setting bail is within the sound discretion of the trial court. See Bowman v. State,585 P.2d 1373, 1377 (Okla.Crim. 1978).
¶ 6 Likewise, the United States Supreme Court in Stack v.Boyle, 342 U.S. 1(1951) explained the importance of bail when it said:
 This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.
Id. at 4 (citation omitted).
¶ 7 In addition, the Stack Court stated:
 [T]he modern practice of requiring a bail bond or the deposit of a sum of money subject to forfeiture serves as additional assurance of the presence of an accused. Bail set at a figure higher than an amount reasonably calculated to fulfill this purpose is "excessive" under the Eighth Amendment.
 Since the function of bail is limited, the fixing of bail for any individual defendant must be based upon standards relevant to the purpose of assuring the presence of that defendant.
Id. at 4 (citation omitted) (emphasis added).
¶ 8 Jurisprudence concerning bail in the State of Oklahoma has followed the principles set out by the United States Supreme Court in Stack and requires bail to be set on an individual basis. See id. at 4; see also In Re Cheek, 355 P.2d 881,883 (Okla.Crim. 1960) (finding it was sufficient to entitle the petitioners to reasonable bail, as a matter of right). (Citation omitted).
¶ 9 In Bowman, the Court of Criminal Appeals reiterated that the purpose of bail is to "guarantee that [the] accused will be available at such times as [the] court may direct, and . . . never be used for [the] purpose of punishing." Bowman,585 P.2d at 1377-78. In Humphrey, the Court of Criminal Appeals made it clear that courts in this State should consider the guidelines cited therein. The court stated:
 In fixing the amount of bail the judge in this proceeding, and henceforth the judges in this State should give consideration to the following guidelines:
 (1) the seriousness of the crime charged against the defendant, the apparent likelihood of conviction and the extent of the punishment prescribed by the Legislature;
 1. the defendant's criminal record, if any, and previous record on bail if any;
(3) his reputation, and mental condition;
(4) the length of his residence in the community;
(5) his family ties and relationships;
 1. his employment status, record of employment and his financial condition;
 1. the identity of responsible members of the community who would vouch for defendant's reliability;
 1. any other factors indicating defendant's mode of life, or ties to the community or bearing on the risk of failure to appear.
Humphrey, 601 P.2d at 107 (citation omitted) (emphasis added).
¶ 10 In Brill v. Gurich, 965 P.2d 404, 406 (Okla.Crim. 1998), the Court of Criminal Appeals reiterated and strengthened this directive to the courts of this State to apply certain factors in setting bail. In Brill the court noted:
 The judges of this State have a duty and responsibility to apply the law and, further, in these matters they must ensure bail is not used as a tool of punishment. Because of the constitutional mandate, bail must be set in a reasonable amount to ensure the presence of an accused at future proceedings. . . .
 Presently, the judges of this State are required to consider the guidelines set forth in 1979 in Petition of Humphrey, when setting the amount of bail.
Id. (emphasis added).
¶ 11 The foregoing authorities, beginning with Stack,
establish that both the right to bail and the right to be free from excessive bail are constitutionally protected rights. The process used to admit one to bail involves a judicial determination, the plain purpose of which is to ensure the return of the defendant for hearing and to give the defendant the opportunity to help prepare his or her defense; therefore, bail must be neither excessive nor punitive. Because the circumstances surrounding each arrestee may differ, bail must be determined on an individual basis. The Oklahoma Court of Criminal Appeals, in an effort to ensure fairness in the bail admissions process, has followed the rationale of Stack and requires courts of this State to weigh certain factors to help determine the amount of bail. By going through this process, bail is individualized, thereby reducing the chance that bail is either excessive or punitive. Use of these factors also ensures that the amount of bail is related to its intended purpose, which is to ensure the defendant's return for hearing.
¶ 12 It is within this legal framework concerning bail that we must now address the essence of your question, which is whether a presiding judge may, by rule or administrative order, alter this bail process by creating a predetermined bail schedule based on the crime committed.
¶ 13 Title 20 O.S. 1991, § 23(2) authorizes a presiding judge to promulgate rules that are calculated to bring about "a more speedy and efficient administration of justice" within his or her district. Id. Once promulgated, the rules have the force and effect of law. See Texas Oklahoma Express v. Sorenson,652 P.2d 285, 287 (Okla. 1982).
¶ 14 However, this rulemaking authority is not unlimited. Courts cannot promulgate rules which are inconsistent with constitutional provisions. See Bank IV Oklahoma, N.A. v.Southwestern Bank Trust Co., 935 P.2d 323, 326 (Okla. 1997). Likewise, courts may establish rules of procedure, but in doing so may not abridge or diminish any substantive right expressly provided by the Constitution. See Smith v. Love, 683 P.2d 37,
38 (N.M. 1984). Having previously concluded that the right to be free from excessive or punitive bail is constitutionally mandated, it must next be determined whether a jail bail schedule affects the constitutionally protected rights of an arrestee.
¶ 15 As we have discussed above, one of the main functions of bail is to ensure the return of the defendant to stand for hearing. It has been determined by the United States Supreme Court and the Oklahoma Court of Criminal Appeals that the best way to do this is to set bail on an individual basis after evaluating the circumstances of each arrestee. The Oklahoma Court of Criminal Appeals has mandated that courts review certain factors to help determine the amount of bail that would help ensure the defendant's return and yet not be punitive. Utilizing these factors ensures a rational relationship between the amount of bail and the return of the defendant for hearing.
¶ 16 Under the jail bail system, since it is the crime, as opposed to the individual circumstances of an arrestee, that determines the amount of bail the important constitutional rights of an arrestee cannot be adequately protected. Under this system all arrestees are treated the same depending on the crime committed. Bail set in such a fashion clearly undermines the constitutional mandates of Stack, Humphrey, and Brill, which all require individual bail determinations. See Stack,342 U.S. at 4; Humphrey, 601 P.2d at 108; Brill, 965 P.2d at 406. Under the jail bail system, it does not matter where the defendant resides, works, or how many times he or she has been arrested; he or she may be admitted to bail in the amount determined for that particular crime in the bail schedule.
¶ 17 By focusing on the crime committed as opposed to the circumstances of the individual arrestee, there is no guarantee that a defendant will return for hearing. In addition, failure to review the Humphrey factors may produce a bail amount that is excessive and, thus, unconstitutional.
¶ 18 As noted above, a court may not adopt rules that conflict with constitutional provisions. For the reasons stated above, the use of a jail bail schedule infringes on defendants' constitutional rights guaranteed by both the Oklahoma and United States Constitutions. Accordingly, judges may not promulgate administrative rules that mandate the use of a bail schedule based on the crime of which a defendant is accused.
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 A presiding judge has no authority to establish, by rule orotherwise, a bail schedule which contains predetermined bailamounts based on the crimes committed.
W.A. DREW EDMONDSON Attorney General of Oklahoma
JOSEPH L. McCORMICK, IV Assistant Attorney General