2002 OK CR 29

Leann CLARK, Petitioner,

v.

The Honorable Russell HALL, Special District Court Judge for Oklahoma County, Respondent.

No. HB–2002–889.

Court of Criminal Appeals of Oklahoma.

July 24, 2002.

## ORDER

¶ 1 Petitioner was arrested for the misdemeanor offense of Engaging/Offering to Engage in an act of Prostitution. Petitioner has been incarcerated in the Oklahoma County Jail since her arrest because she is unable to post the fifteen thousand dollar ($15,000.00) bail set by the trial court, as required by 22 O.S.Supp.2002, § 1101.1. Petitioner's request for a reduction of bail was denied by the Honorable Russell Hall, Oklahoma County Special Judge, in an order filed July 15, 2002.

¶ 2 Petitioner then filed a Petition for Writ of Habeas Corpus in this Court alleging 22 O.S.Supp.2002, § 1101.1 is unconstitutional because it deprives those in custody of the opportunity for an individualized determination to bail, violates the constitutional doctrine of separation of powers, and is being used as punishment and not merely to ensure the presence of an accused at future proceedings. This Court declined to summarily grant the relief prayed for, but directed Respondent to respond and address whether Petitioner is entitled to the relief requested.

¶ 3 Respondent asserts the Bail Reform Act was a recognition that society has a right, and in some cases a duty, to consider not only an accused's right to bail, but also to balance that right against a community's right to protect itself or individuals in the community. Respondent avers the Legislature has recognized that in crimes involving prostitution, minimum bail amounts and/or personal recognizance bonds do not serve to protect the interests of society or the neighborhoods plagued by this unlawful activity. Prior to the enactment of Section 1101.1, Respondent contends those arrested on prostitution charges posted minimal bail amounts and then returned to the neighborhood to

reoffend.[1]  Respondent concludes Section 1101.1 was the Legislature's response to the "revolving door" and an attempt to reduce the futility and hopelessness felt by citizens outraged such conduct was continuing in their neighborhoods.

¶4 While we have no disagreement with Respondent's description of the nuisance of such conduct, such arguments are misplaced.  As Respondent notes, the acts of engaging in prostitution and/or solicitation or procuring prostitution are criminal acts, punishable by not less than thirty (30) days in the county jail, nor more than one (1) year incarceration.  *See* 21 O.S.2001, § 1031.  Clearly, the proper way for the State of Oklahoma to combat such activity is to aggressively prosecute and incarcerate those who violate the laws. However, bail in Oklahoma is not, and cannot, serve as a criminal punishment.

¶5 This Court has long observed, the "purpose of an appearance bond is to guarantee [the] accused will be available at such times as the court may direct, and since bond should never be used for the purpose of punishing the accused, the sole guide in fixing the amount thereof should be to cause an accused's appearance to answer to the charge against him." *See Bowman v. State*, 1978 OK CR 115, ¶16, 585 P.2d 1373.  Further, in *Brill v. Gurich*, 1998 OK CR 49, ¶4, 965 P.2d 404, this Court observed that judges "must ensure bail is not used as a tool of punishment."

¶6 The obvious intent of the Legislature in enacting 22 O.S.Supp.2002, § 1101.1, and as acknowledged by Respondent, is to punish individuals arrested on a finding of probable cause prostitution laws were violated.  Section 1101.1 sets bail at a predetermined, nondiscretionary amount and disallows oral recognizance bonds under any circumstances.  We **FIND** the statute is unconstitutional because it violates the due process rights of citizens of this State to an individualized determination to bail.  *See* Okla. Const.  Art. II, § 7.

¶7 Prior case law of this Court has specifically set the guidelines to be considered by judges of this State in determining the amount of bail, if any, to be set for an accused.  *See Petition of Humphrey*, 1979 OK CR 97, 601 P.2d 103 and *Brill v. Gurich*, 1998 OK CR 49, 965 P.2d 404.  Judges are given wide latitude in determining the amount of bail to be set.  The only caveat imposed is the directive that the amount of an appearance bond should never be set at a high amount solely for the purpose of punishing an accused.  Finally, while protection of the public is a factor that may be considered by judges in setting bail, such factor obviously has less significance in misdemeanor cases.

¶8 Because this Court has found 22 O.S.Supp.2002, § 1101.1 unconstitutional, Petitioner has demonstrated her current confinement is unlawful.  *See* Rule 10.6, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch.18, App. (2002).  Therefore, this matter is **REMANDED** to the District Court of Oklahoma County so that bail may be properly determined pursuant to the guidelines of *Humphrey* and *Brill*.

¶9 **IT IS SO ORDERED.**

¶10 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 24th day of July, 2002.

/s/  Gary L. Lumpkin

GARY L. LUMPKIN, Presiding Judge (not participating)

/s/  Charles A. Johnson

CHARLES A. JOHNSON, Vice Presiding Judge

/s/  Charles S. Chapel

CHARLES S. CHAPEL, Judge

/s/  Reta M. Strubhar

RETA M. STRUBAR, Judge

---

1.  Prior to April 19, 2002, bond for an alleged violation of Engaging/Offering to Engage in an act of Prostitution would have been set at $500.00, pursuant to an Oklahoma County Bail Schedule.